# Steiner *et al.* v. Scholze *et al.*

*Bill in Equity for Injunction against Judgment at Law.*

1. *Bill for injunction; when defendant can call court's attention to*

[Steiner *et al.* v. Scholze *et al.*]

*happening of certain facts rendering the injunction unnecessary, by a supplemental answer.*—When, upon a bill filed for that purpose, an injunction is granted to restrain the enforcement of a judgment at law, until the determination of a claim suit involving the rights of several defendants to moneys in the hands of a garnishee, it is competent for one of the defendants to bring to the attention of the court by a supplemental answer the fact that the said claim suit between himself and the other defendant, has been decided, even though the judgment in the claim suit was rendered after the filing of the defendants' original answer ; the facts averred in such supplemental answer showing that there was no longer any necessity to retain the injunction.

2. *Same; same; improper order made on motion to modify injunction.* Where, in such a case a motion is made, predicated upon the facts averred in such supplemental answer, to so modify the injunction as to permit the collection of the judgment rendered in the claim suit, with the exception of a sufficient amount to cover an equitable set off the complainants in said bill are seeking to establish, it is improper for the court to order that unless the complainants pay to the defendant the amount of the judgment in said claim suit, to which he had been adjudged entitled, within a certain time, the injunction should be dissolved ; such decree exceeding the prayer of the motion for a modification of the injunction.

3. *Motion to modify injunction; waiver of objection.*—When a motion, predicated upon the averments of facts contained in a supplemental answer, is made to modify an injunction, and the complainants make no response to the motion but consent to the submission and hearing of the motion on the bill and original and supplemental answers, all objections to said motion or to the supplemental answer are presumed to have been waived, and can not be raised for the first time on appeal.

APPEAL from the the Chancery Court of Jefferson.
Tried before the Hon. THOMAS COBBS.

The orginal bill in this case was filed by the appellants, Burghard Steiner and Sol Levi, against the appellees, Robert Scholze and others. The facts of case, as set forth in the original bill, are sufficiently shown in the report of the case, when before the court on a former appeal, and reported in 100 Ala. 149.

After the affirmance of the chancellor's decree overruling a motion to dissolve the injunction, one of the respondents, Robert Scholze, filed a supplemental answer in the chancery court on December 2, 1893. This amended or supplemental answer was not sworn to by the said respondent, but by his solicitor ; and averred that the claim suit in the circuit court between said respondent Scholze and the Francis-Ohenoweth Hardware

[Steiner *et al.* v. Scholze *et al.*]

Company had been determined ; that judgment had been rendered in his favor and against the plaintiff in the garnishment suit ; and that said judgment had not been appealed from, but remained in full force and effect. A certified copy of said judgment was attached as an exhibit to the answer. On the same day this supplemental answer was filed, the respondent, Robert Scholze, before any evidence had been taken or the cause was set for hearing, made a motion, based upon the facts averred in his supplemental answer, to so modify the injunction as to permit the collection of the judgment, with the exception of a sufficient amount to cover the set-off of complainants, pending the decision of the court upon the merits of the controversy of the question as to the right to make such set-off.

Upon this motion, the chancellor on December 11, 1893, rendered the following decree : ''It appearing to the court that the judgment in favor of Herman Scholze v. Emil Lesser, which was assigned to Robert Scholze, affirmed by the judgment of the Supreme Court, together with damages and interest thereon, now amounts to $455.27, and that the said judgment in favor of Allen & Taylor v. Herman Scholze, together with interest thereon, now amounts to $141.57, making the difference between the said two judgments at this time $313.70 ; and it also appearing to the court, from an approximate estimate made by the register, that the sum of $75 will cover the costs in this case : It is now ordered, adjudged and decreed that the said injunction be and the same is hereby so modified as to allow said Robert Scholze to collect from the said complainants the sum of $238.70, and that the said complainants do so at once pay to the said Robert Scholze the said sum of $238.70, as a condition for the retention of the injunction heretofore granted. It is further ordered that unless said sum of $238.70 be paid by the said complainants to the said Robert Scholze, or his solicitors of record, within fifteen days, that said injunction stand dissolved.''

The complainants appeal from this decree, and assign the same as error.

CABANISS & WEAKLEY, for appellants.—1. The bill makes a case for interpleader.—11 Amer. Eng. Encyc. of Law, 496 ; *Webster v. McDaniel*, 2 Del. Ch. 297; *Fahie v. Lindsay*, 8 Oregon 474.

[Steiner *et al.* v. Scholze *et al.*]

2. An injunction can not be dissolved upon answer, unless sworn to, and the affidavit must be made by the party making the answer.—1 Amer. & Eng. Encyc. of Law, 607; Story's Eq. Pl., §§ 874, 875; *Palmer v. Yarbrough*, 1 Ired. (N. J. Eq.) 310; *Masterson v. Craig*, 5 Litt. (Ky.) 39.

3. When the answer is not sworn to by the person making it, it is mere pleading, and if relied on as sworn to by counsel, it is mere affidavit. An affidavit can not be considered on a motion to dissolve an injunction.— *Long v. Brown*, 4 Ala. 622; *Barnard v. Davis*, 54 Ala. 565.

4. New matter set up by answer not responsive to the bill can not be looked to on motion to dissolve. It is upon denials in an answer that an injunction will be dissolved.—*Carroll v. Malone*, 28 Ala. 521; *Scholze v. Steiner*, 100 Ala. 149.

JAMES E. WEBB, *contra.*—1. For the purpose of dissolving injunctions on the denials of an answer, the rule which requires the answer to be sworn to by a defendant or some one who is cognizant of the facts, is because, when the statements of the bill are made, not on information and belief, but absolutely, the denials of the answer must likewise be made upon the affiant's own knowledge, the answer taking the place of affidavits. The verification of the facts stated in the amendment, made by Pittman, was sufficient, if the record needs any verification. This is so for the same reason that the sworn answer of one of several defendants to a bill is sufficient for all the purposes of a motion to dissolve.—*Long v. Brown*, 4 Ala. 631; *Cotton v. Price*, 50 Ala. 425; *Collier v. Falk*, 61 Ala. 105.

2. The bill, as one to set off the one judgment against the assigned judgment, was without equity, because it does not aver that Herman Scholze was insolvent at the time when he so transferred the judgment to Robert Scholze.—*Henderson v. McVay*, 32 Ala. 471; *Wray v. Furniss*, 27 Ala. 471.

3. The chancellor committed no error in the decree dissolving the injunction as to the set off, if it be read and construed as an out and out dissolution of that injunction. It matters not that he may have given a wrong reason for doing so.—*Cave v. Webb*, 22 Ala. 586; *Hart v. Clark*, 54 Ala. 493.

4.   The chancellor had full power, and it was his duty to modify, the injunction, if it had any injunctive force after the final trial of the garnishment claim suit.—*Miller v. Bates*, 35 Ala. 580 ; High on Injunctions, § 1538.

HARALSON, J.—The facts of this case are fully set out in its report on the former appeal (100 Ala. 149), and had reference to the matter of setting off the Allen & Taylor judgment against the one rendered in favor of Herman Scholze against Emil Lesser.   As stated by appellants' counsel, the matters now complained of, relate solely to that feature of the bill which asks for an interpleader between the Francis-Chenoweth Hardware Co. and the defendant, Robert Scholze, in respect to the balance of said Herman Scholze judgment, when set off by the Allen & Taylor judgment.   As to this balance, the complainants aver in their bill, "that they are ready and willing to pay said judgment, over and above their just set-off, to whomsoever the court may adjudge to be entitled thereto, and they submit themselves to the orders and decrees of the court in that behalf. They simply desire to be protected." And, in the same connection—in their amendment appearing as section 9 to their bill, wherein they charge defendant with the unnecessary and intentional delay of the garnishment claim suit in the circuit court, causing the issue therein not to be decided but delayed—"Complainants aver, that except for the failure aforesaid, and if said Robert Scholze had entered his appearance in said cause, and if he had desired to have a trial of the issue between himself and said Francis–Chenoweth Hardware Company, he could, ere this, have had a determination of that question, so that complainants would be protected in the payment of said money," &c.   Here, then, we have presented the reason why, as to the balance of said judgment of Herman Scholze, after allowing the set-off of the Allen & Taylor judgment, the complainants asked for and would maintain the injunction against their being forced to pay said balance under execution. And in their prayer for the injunction, they ask for it to be continued, "until the further orders of the court—at least until the determination of the claim suit in the circuit court of Jefferson county."   In their answer to the writ of garnishment, the complainants admitted they owed the Herman Scholze judgment

against them, less the set-off of said Allen & Taylor judgment, and suggested Robert Scholze as claimant, who, it was said—as a ground for the interpleader—refused to appear in court as claimant, and litigate his right to said fund with said Hardware Company. They acknowledged, in substance, in their bill, that if the said circuit court had tried and determined that matter, there would be no necessity for the interpleader or injunction, as to that balance.

It is manifest, therefore, that the injunction prayed for was interlocutory or preliminary, as to this balance of the Herman Scholze judgment, in order that the contest between the Hardware Company and Robert Scholze, as to that balance, then pending in the circuit court of Jefferson county, might be decided, and that whenever finally decided by that court, there was no longer any necessity for the said preliminary injunction. 2 High on Injunctions, §§ 1503 and 1520.

It is true, as a general proposition, that on a motion to dissolve an injunction, the answer can be regarded only so far as it is responsive to the allegations of the bill, and that new matter, occurring since the filing of the bill, and not responsive to the allegations, will not be considered.—*Rembert v. Brown*, 17 Ala. 667 ; *Robinson v. Cathcart*, 2 Cranch C. C. 590; 2 High on Injunc., §§ 1470 and 1472. But, an injunction will not be maintained, when it is manifest it is useless, and the grounds upon which it was granted no longer exist, and this may often become apparent to the court only by petition or supplemental answer, setting up the facts which have happened since the filing of the original answer, making it improper longer to maintain the injunction.—2 High on Injunc., § 1495.

It was competent, therefore, for the defendant, Robert Scholze, to bring the fact to the attention of the court, that the claim suit, in the circuit court of Jefferson county, between himself as claimant, and the said Hardware Company, as garnishors, had been decided, which he attempted to do by his supplemental answer, filed in the cause on the 2d of December, 1893.

On the same day he filed his supplemental answer—the 2d of December, 1893—he filed his motion for a modification of the injunction in the cause, predicated

[Steiner *et al.* v. Scholze *et al.*]

on the averments in said supplemental answer, viz., that an issue had been made up between him as claimant and the said Hardware Co. as garnishors, to try said claim suit in said circuit court of Jefferson, and that on trial thereof, the issue had been found in his favor, and the complainants, as garnishees, had been discharged. On the 4th of December, 1893, the cause was submitted for a hearing on said motion. When submitted, the submission was on the bill and original and supplemental answers. The affidavit to the answer by the solicitor of defendant and the certified transcript of the judgment of the circuit court, exhibited to the supplemental answer, and now objected to as not competent to be considered, were not objected to in any particular by complainants, on the submission, and when the chancellor received the papers, he had before him this certified judgment and the affidavit of the solicitor of defendants, as parts of the answer, as sustaining the allegations of facts in the supplemental answer. The complainants made no response to the motion, but, so far as appears, consented to the submission and tried the motion on bill and answers. The presumption must be indulged, that the objections, if ever good, were waived. *Seals v. Robinson*, 75 Ala. 363 ; *Glennon v. Mittenight*, 86 Ala. 456 ; *Rice v. Tobias*, 89 Ala. 214 ; *Olmstead v. Thompson*, 91 Ala. 129 ; *Watson v. Simmons, Ib.* 568. The court rendered its decree, to the effect, that it appeared that the judgment in favor of Herman Scholze against Emil Lesser, assigned to defendant, Robert Scholze, amounted, with interest to the date of the decree, to $455.27 ; that the judgment of Allen & Taylor, amounted to $141.57, making a difference of $313.70, and that it appeared "from an approximate estimate made by the register, that the sum of $75.00 will cover the costs in this case." Therefore, it was ordered, that the injunction be modified so as to allow said Robert Scholze to collect from the complainants the sum of $238.70, which was the ascertained difference between said judgments—$313.70 —less the estimated costs in this case—$75. As a condition to the retention of the injunction, for the purpose of allowing the Allen & Taylor judgment to be set off against said judgment of Herman Scholze v. Lesser, the court further ordered, that complainants should pay said $238.70 to Robert Scholze in fifteen days, or

the injunction should be dissolved in its entirety. This decree exceeded the prayer of the motion for a modification of the injunction. The motion was, "to permit the collection of the judgment of Scholze v. Lesser—transferred to this defendant—except sufficient amount to cover the judgment of Allen & Taylor against Herman Scholze, referred to in complainants' bill—the amount of said last mentioned judgment with interest thereon, being $141.57—until this court should decide whether said last mentioned judgment is a valid set-off against the claim of said Robert Scholze against complainants."

There was no objection to a modification of the injunction by discharging it to the extent sought, but the decree, on the facts as presented, should not have exceeded the prayer for a modification, nor have been accompanied with the condition annexed, which resulted in its entire dissolution in fifteen days, unless complainants paid the difference between the judgments in that time, less the $75 costs. It thereby deprived the complainants, if that amount of money was not paid within that time, which was foreign to the purposes of the motion, of the equitable set-off, to which we held, on the former appeal, they were entitled.

The complainants have made it very plain in their bill that the injunction as to balance of the judgment of Scholze v. Lesser, after deducting the amounts of the Allen & Taylor judgment against Scholze, and the costs as ascertained, ought not to be further maintained. The decree of the court, therefore, to the extent it dissolves the injunction as to the $238.70—the amount of such balance on the 11th of December, 1893, the date of the decree—will be allowed to stand; and the injunction will be here reinstated for $216.57—the amount of said Allen & Taylor judgment, with interest to that date, and the estimated costs in the case—to await the final disposition of the cause.

As to the suggested error in the method of ascertaining the amount of the costs the chancellor would retain, it is sufficient to say, that the chancery court has a legal discretion in the matter of costs and its apportionment between the parties on final hearing.

Let the complainants pay the costs of the appeal.

Corrected in part and affirmed.