(102 So. 376)

Ex parte PRIESTER.

PRIESTER v. WESTERN UNION TELEGRAPH CO.

(3 Div. 677.)

(Supreme Court of Alabama. Oct. 9, 1924. Rehearing Denied Dec. 4, 1924.)

1. Commerce ☞8(7)—Courts ☞97(I)—Liability arising out of interstate messages stated.

Since telegraph companies have been given over to Interstate Commerce Commission by U. S. Comp. St. § 8563, rights and liabilities arising out of interstate messages depend upon acts of Congress, contract between parties and common-law principles as declared and enforced by federal courts.

2. Telegraphs and telephones ☞54(7)—Sender of unrepeated interstate telegram bound by company's regulations, whether aware of them or not.

A sender of an unrepeated interstate telegram is bound by rules of telegraph company, governing such messages, whether sender was aware of them or not.

3. Telegraphs and telephones ☞54(5)—Company not liable for error in transmission of unrepeated interstate message, unless gross negligence or willful misconduct shown.

Telegraph company in transmitting unrepeated interstate telegram is not liable beyond amount received for sending it, unless it be shown that failure to transmit correctly was

due to willful misconduct of company, or its gross negligence.

**4. Courts ⊜97(1)—Telegraphs and telephones ⊜54(5) — What constitutes "gross negligence" in transmitting unrepeated interstate telegram stated.**

The Supreme Court, in determining what constitutes gross negligence of telegraph company in transmitting an unrepeated interstate message, will look to decisions of federal courts and, as construed by them, failure of telegraph company to exercise that degree of care which situation demands is "gross negligence" against which company cannot contract. [Citing Words and Phrases, First Series, Gross Negligence.]

**5. Telegraphs and telephones ⊜54(5)—Regulations governing unrepeated interstate telegrams do not absolve company from gross negligence.**

The regulations governing sending of interstate telegrams, and contract in accordance therewith, do not absolve telegraph company from all care in transmitting unrepeated messages or in every case, from liability in excess of toll paid by sender.

**6. Telegraphs and telephones ⊜73(1) — Whether error in unrepeated interstate telegram constituted gross negligence held for jury.**

In action by sender of unrepeated interstate telegram, for error in transmitting message offering to sell pecans at fifty cents per pound, evidence that telegram was correctly transmitted to main office, but in sending it to branch office near place of business of sendee word "fifty" was changed to "fifteen," *held* to make question for jury whether company was guilty of gross negligence, rendering it liable for full amount of plaintiff's loss, and hence plaintiff's special counts alleging gross negligence should have been submitted to jury.

**On Rehearing.**

**7. Appeal and error ⊜1089(3) — Supreme Court in reviewing opinion of Court of Appeals cannot look for facts beyond such opinion.**

The Supreme Court in reviewing an opinion of Court of Appeals cannot look for fact beyond such opinion.

**8. Telegraphs and telephones ⊜65(1)—Complaint for error in unrepeated interstate telegram charging gross negligence equivalent to charge of wanton conduct.**

Special counts in complaint in action by sender of unrepeated interstate telegram for error in transmission charging company with gross negligence may be accepted, since case must be tried according to federal law, as equivalent of charging wanton conduct for which company is liable as in case of willful wrong.

Certiorari to Court of Appeals.

Petition of C. H. Priester for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of Priester v. Western Union Telegraph Co., 102 So. 372. Writ awarded; reversed and remanded.

Powell & Hamilton, of Greenville, for petitioner.

Counsel argue for error in the rulings treated, and cite—Primrose v. W. U. Tel. Co., 154 U. S. 1, 14 S. Ct. 1098, 38 L. Ed. 883; W. U. Tel. Co. v. Esteve Bros., 256 U. S. 569, 41 S. Ct. 584, 65 L. Ed. 1094; Strong v. W. U. Tel. Co., 18 Idaho, 389, 109 P. 910, 30 L. R. A. (N. S.) 409, Ann. Cas. 1912A, 55; Carpenter v. Walker, 170 Ala. 659, 54 So. 60, Ann. Cas. 1912D, 863; Dixon v. State, 139 Ala. 104, 36 So. 784; Briggs v. B. R., L. & P. Co., 194 Ala. 277, 69 So. 926; L. & N. v. Travis, 192 Ala. 454, 68 So. 342; W. U. Tel. Co. v. Preister, 18 Ala. App. 531, 93 So. 231; Grey, Comm. by Tel., Nos. 37, 38; L. S. R. Co. v. Minogue, 90 Ky. 369, 14 S. W. 357, 29 Am. St. Rep. 380. The question of gross negligence should have been submitted to the jury. Redington v. Pac. Postal Tel. Co., 107 Cal. 317, 40 P. 432, 48 Am. St. Rep. 132; White v. W. U. Tel. Co. (C. C.) 14 F. 710; W. U. Tel. Co. v. Crall, 38 Kan. 679, 17 P. 309, 5 Am. St. Rep. 795; W. U. Tel. Co. v. Howell, 38 Kan. 685, 17 P. 313.

Francis R. Stark, of New York City, and Rushton, Crenshaw & Rushton, of Montgomery, opposed.

Whether an act has been negligently done is a conclusion, and not even an expert can give his opinion thereon. L. & N. v. Bogue, 177 Ala. 349, 58 So. 392; Eureka Co. v. Bass, 81 Ala. 200, 8 So. 216, 60 Am. Rep. 152; Pointer v. Klamath Falls L. Co., 59 Or. 438, 117 P. 605, Ann. Cas. 1913C, 1076, 1079, note. Uniform rates adopted by the company are effective without being filed with the Interstate Commerce Commission, and are binding in the absence of the Commission disapproving same. W. U. Tel. Co. v. Esteve Bros., 256 U. S. 566, 41 S. Ct. 584, 65 L. Ed. 1094. Cultra v. W. U. Tel. Co., 44 Interst. Com. Com'n R. 670; Postal Tel. Co. v. Warren-Godwin Co., 251 U. S. 27, 40 S. Ct. 69, 64 L. Ed. 118; C. N. O. & T. P. v. Rankin, 241 U. S. 319, 36 S. Ct. 555, 60 L. Ed. 1022, L. R. A. 1917A, 265; W. U. Tel. Co. v. Showers, 112 Miss. 411, 73 So. 276. The acts of Congress and federal decisions govern rights and liabilities in connection with transmission and delivery of interstate messages. Sou. Exp. Co. v. Byers, 240 U. S. 612, 36 S. Ct. 410, 60 L. Ed. 825, L. R. A. 1917A, 197. In order to make out his case of gross negligence plaintiff must show something more than mere error in transmission; conduct which is the equivalent of willful or wanton acts. 26 R. C. L. 597; 37 Cyc. 1731; Halsted v. Postal Tel. Co., 193 N. Y. 293, 85 N. E. 1078, 19 L. R. A. (N. S.) 1021, 127 Am. St. Rep. 952; Primrose v. W.

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

U. Tel. Co., 154 U. S. 1, 14 S. Ct. 1098, 38 L. Ed. 883; Weld v. Postal Tel. Co., 210 N. Y. 59, 103 N. E. 957; L. & N. v. Orr, 121 Ala. 489, 26 So. 35; N. Y. Fruit Market v. W. U. Tel. Co., 190 App. Div. 60, 179 N. Y. S. 483; Milwaukee R. Co. v. Arms, 91 U. S. 489, 23 L. Ed. 374; Williams v. W. U. Tel. Co. (D. C.) 203 F. 140; W. U. Tel. Co. v. Czizek (C. C. A.) 286 F. 478, Id., 264 U. S. 281, 44 S. Ct. 328, 68 L. Ed. 682.

SAYRE, J. Plaintiff Priester's unrepeated telegraphic message to his correspondent in New Orleans was so changed in transmission that his offer to sell a quantity of pecans at fifty cents a pound was translated into an offer to sell at fifteen cents a pound; the result being that he delivered his pecans, and in return received only fifteen cents a pound. Somewhat more in detail the facts are stated in the opinion of the Court of Appeals.

[1-5] Since telegraph companies have been given over to the Interstate Commerce Commission (8 U. S. Comp. St. § 8563), rights and liabilities arising out of interstate messages depend upon acts of Congress, the contract between the parties, and common-law principles as declared and enforced by the federal courts. So. Ex. Co. v. Byers, 240 U. S. 612, 36 S. Ct. 410, 60 L. Ed. 825, L. R. A. 1917A, 197. According to the law enforced in the federal courts petitioner, plaintiff, was bound by the company's regulation—whether he was aware of it or not (Western Union v. Esteve, 256 U. S. 566, 41 S. Ct. 584, 65 L. Ed. 1094)—that in the case of unrepeated messages it assumed no liability beyond the amount received for sending the same, unless, indeed, it be shown that the failure to transmit correctly was due to the willful misconduct of the company or to its gross negligence (Primrose v. Western Union, 154 U. S. 1, 14 S. Ct. 1098, 38 L. Ed. 883). This court, outside the field of inquiry brought under consideration by the case at hand, has proceeded upon the idea that the word "gross," when used in connection with "negligence," implies nothing more than simple negligence (Stringer v. Ala. Mineral R. R. Co., 99 Ala. 397, 13 So. 75; A. G. S. R. R. Co. v. Hall, 105 Ala. 607, 17 So. 176), that gross negligence is nothing more than negligence with the addition of a vituperative epithet (McPheeters v. H. & St. J. R. R. Co., 45 Mo. 26); but, in view of the federal decisions referred to, it is clear that we must in cases of this peculiar character adopt another definition, as other courts have done. Galbraith v. West End Railway, 165 Mass. 581, 43 N. E. 501; 4 Words and Phrases, First Series, p. 3170; 6 Words and Phrases, First Series, p. 5048. If very little care would obviate mistake in the transmission of a telegraphic message, the failure to exercise that degree of care may be properly character-

ized as gross negligence. Railroad Co. v. Lockwood, 17 Wall. 383, 21 L. Ed. 627; Briggs v. Spaulding, 141 U. S. 151, 11 S. Ct. 924, 35 L. Ed. 662. In the first of the last-cited cases the Supreme Court of the United States, commenting on the drift of modern judicial opinion away from any distinction between gross and ordinary negligence, observed that:

In every case "negligence, whatever epithet we give it, is failure to bestow the care and skill which the situation demands, and hence it is more strictly accurate, perhaps, to call it simply 'negligence.' And this seems to be the tendency of modern authorities. If they mean more than this, and seek to abolish the distinction of degrees of care, skill, and diligence required in the performance of various duties and the fulfillment of various contracts, we think they go too far; since the requirement of different degrees of care in different situations is too firmly settled and fixed in the law to be ignored or changed."

We think it entirely clear that defendant's regulation and contract in accordance therewith had not the effect to absolve it from all care in the transmission of unrepeated messages, or, in every case, from liability in excess of the toll paid by the sender, and hence it may well be said that the failure to exercise that degree of care which the situation—its regulation included—demanded was gross negligence against which it could not contract, and for all the proximate consequences of which defendant was answerable in damages; at any rate, this is the conclusion to which consideration of the federal decisions has brought us. Postal Telegraph Co. v. Nichols, 159 F. 643, 89 C. C. A. 585, 16 L. R. A. (N. S.) 870, 14 Ann. Cas. 369.

[6] Our further judgment is that, in the case presented by the record as disclosed in the opinion of the Court of Appeals, the question whether defendant was answerable for the full damages caused by its alleged negligence was a question for decision by the jury. Primrose v. Western Union, supra, affords the main reliance for the proposition that in the case of an unrepeated message there can be no recovery on account of error in transmission in excess of the toll paid by the sender, that the jury were properly so instructed in the case at bar. In that case the court appears to accept and enforce the rule we have attempted to state. Otherwise, there would have been no occasion for any statement except that the mistake in transmission complained of was a verbal mistake, the consequences of which were provided against by the letter and spirit of the contract. But the court stated at length the reasons for its conclusion, in effect, that the mistake was excusable, that there was no evidence of gross negligence; such reasons being that the message was in cipher, and the error in transmission involved the change of one letter only, a change from "a" to "u,"

the court observing: "In ordinary handwriting, the likeness between these two letters, and the likelihood of mistaking the one for the other, especially when neither the word nor the context has any meaning to the reader, are familiar to all," after which the court said: "The conclusion is irresistible that, if there was negligence on the part of any of defendant's servants, a jury would not have been warranted in finding that it was more than ordinary negligence," and this further: "It is difficult to see anything unreasonable, or against public policy, in a stipulation that, if the handwriting of a message, delivered to the company for transmission, is obscure, so as to be read with difficulty, or is in cipher, so that the reader has not the usual assistance of the context in ascertaining particular words, the company will not be responsible for its miscarriage, and that none of its agents shall, by attempting to transmit such a message, make the company responsible." Here we have a very different case. The import of the message plainly appeared on its face. There was no room for misunderstanding. And it was correctly transmitted to defendant's office in New Orleans; but in sending it to another station in the same city it was so changed as to cause loss to plaintiff. Though it be assumed that the facts in their totality were without dispute, as was probably the case, it was for the jury to draw the proper inference as to the degree of care exercised by defendant, and whether it was so reprehensible—gross—as to render defendant liable for the full amount of plaintiff's loss, its contract regulation notwithstanding, which is to say that plaintiff's case as stated in counts 6 and 7 should have been submitted to the jury.

Certiorari awarded; judgment reversed; cause remanded to the Court of Appeals for further proceedings in accordance herewith.

All the Justices concur.

### On Rehearing.

[7, 8] The brief on the Western Union Telegraph Company's application for rehearing in this case has been examined with due care. The court cannot now, any more than on the original hearing, be sure it is not lagging behind the current of authoritative opinion on the subject of liability for gross negligence in the transmission of telegraphic messages. It is conceded that, in addition to paying a reasonable charge for the transmission of his message, the law, in its present stage of development, requires the customer to purchase insurance against the simple negligence of the transmitting company, if, in case of default, he would be compensated beyond the toll collected; but we have seen no case in which it has been held that such rule can be made to apply in cases where the telegraph company has been guilty of willful wrong or gross negligence, nor any case in which the Supreme Court of the United States has repudiated the decision in Primrose v. Western Union Telegraph Co., 154 U. S. 1, 14 S. Ct. 1098, 38 L. Ed. 883, on the point to which it was cited in our original opinion. Reviewing the opinion of the Court of Appeals—and, according to the practice here, we could not look for facts beyond that opinion—and considering the later decisions by the Supreme Court of the United States, we observed, in Western Union v. Esteve, 256 U. S. 566, 41 S. Ct. 584, 65 L. Ed. 1094, that Primrose v. Western Union was referred to with some measure of approval, and now we find, in Western Union v. Czizek, 264 U. S. 281, 44 S. Ct. 328, 68 L. Ed. 682, the same case again referred to, not indeed as containing the whole of the advanced law of the subject, but in a manner that seems to concede that a telegraph company may not by contract evade or avoid liability (beyond the toll collected) for willful wrong or gross negligence in the transmission of messages committed to it. In that case (Western Union v. Czizek) the court noted, ex industria, as we think, the fact that the fault of the company was nothing more than a *momentary inadvertence.* We find no reason to think the court would have excused the company had there been evidence of willful wrong, wanton injury, or gross negligence. Bearing in mind the significance attached by the federal decisions to the word "gross" as characterizing negligence, the charge of gross negligence in the sixth and seventh counts of the complaint may be accepted, since the case must be tried according to the federal law, as the equivalent of a charge of wanton conduct, against the consequences of which this court for many years has allowed the same compensation to be assessed, as in case of willful wrong. This, in our opinion, is and should be the law of cases in which it may be found that the telegraph company has been guilty of willful wrong, wanton injury, or gross negligence. We have seen no case to the contrary.

Application overruled.