(111 So. 199)

**WESTERN UNION TELEGRAPH CO. v. PRIESTER.** (3 Div. 532.)*

(Court of Appeals of Alabama. Oct. 26, 1926. Rehearing Denied Nov. 9, 1926.)

1. **Appeal and error** ⬅️1099(3)—**Decision on prior appeal that telegraph company cannot contract against gross negligence in transmitting interstate message held law of case.**

Decision of Supreme Court in prior appeal in same case that a telegraph company cannot contract against the gross negligence of its employees in transmitting an interstate message, notwithstanding that Congress has conferred control of telegraph companies doing an interstate business on the Interstate Commerce Commission, held the law of the case on subsequent trial on remand.

2. **Contracts** ⬅️114—**One cannot contract against his gross negligence.**

Party will not be permitted to contract against his gross negligence.

3. **Telegraphs and telephones** ⬅️54(1)—**Telegraph company cannot contract against gross negligence of employees in transmitting interstate message.**

Notwithstanding that Congress has vested control of telegraph companies doing an interstate business in the Interstate Commerce Commission, a telegraph company transmitting an interstate message cannot contract against the gross negligence of its employees in transmitting such message.

Appeal from Circuit Court, Butler County; A. E. Gamble, Judge.

Action for damages for gross negligence in transmitting a telegram by C. H. Priester against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Certiorari denied in 111 So. 200.

Francis R. Stark, of New York City, and Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

See 212 Ala. 271, 102 So. 376.

Powell & Hamilton, of Greenville, for appellee.

See 212 Ala. 271, 102 So. 376.

SAMFORD, J. The first appeal in this case is to be found in Western Union Telegraph Co. v. Priester, 18 Ala. App. 531, 93 So. 231. The second appeal is Priester v. Western Union Telegraph Co., 20 Ala. App. 388, 102 So. 372, and Ex parte Priester, 212 Ala. 271, 102 So. 376. The statement of the case and the statement of facts in the foregoing cited adjudications are here adopted so far as the same are applicable to this decision. The facts as disclosed by this record are substantially the same as in Priester v. W. U. Tel. Co., 20 Ala. App. 388, 102 So. 372, and Ex parte Priester, 212 Ala. 271, 102 So. 376. The issues here presented arise on an amended complaint which is now confined to counts 6 and 7 charging defendant with gross negligence and defendant's plea of not guilty.

[1-3] Exhaustive briefs have been filed by counsel, but however much we might be tempted to enter into a full discussion of the many cited authorities, we feel that the case of Ex parte Priester, supra, is conclusive of every question involved in this appeal, so far as this court is concerned.

As we read Ex parte Priester, the Supreme Court holds: Notwithstanding the control of telegraph companies doing an interstate business has by the laws of Congress been conferred on the Interstate Commerce Commission, a telegraph company transmitting an interstate message cannot contract against the gross negligence of its employees in transmitting such message. It is a familiar rule that a party will not be permitted to contract against its own gross negligence, and the Supreme Court in this case has done no more than to reaffirm a doctrine, as old as the law itself, and to declare that the Supreme Court of the United States in its many decisions has not abrogated the rule. The opinion in Ex parte Priester being the law of this case, the trial court did not err in its various rulings on the pleadings, the admission of evidence, the refusal of requested written charges, and the submission of the case to the jury on the facts.

Let the judgment be affirmed.

Affirmed.