## CAPPS v. VASEY BROS.

No. 62, Okla. T. Opinion Filed May 12, 1910.

(101 Pac. 1043.)

1. **TROVER AND CONVERSION**— Actions— Petition — Sufficiency. The plaintiffs alleging that they were the lawful owners of the note in question, of the reasonable market value of $108.72, and that it was wrongfully taken and converted by the defendant, thereby damaging plaintiffs in said sum, sufficiently states a cause of action against a general demurrer.

2.  **SAME—Note—Defenses—Damages.** The court having instructed the jury that if the defendant wrongfully converted the note, the same being nonnegotiable, then plaintiffs would be entitled to recover as damages therefor the face value of the note, when there was a partial failure of consideration for said note, such instruction was error.

2a.  The defendant having wrongfully obtained possession of a note of which he was the maker, he being solvent, in an action for the conversion of such note the plaintiffs would be entitled, in any event, to nominal damages. The measure of damages in such action would be the face value of the note, less any credits thereon by reason of partial payments, or any partial failure of consideration which might have been legitimately pleaded as an offset or counterclaim in an action on said note.

(Syllabus by the Court.)

*Error from District Court, Blaine County; M. C. Garber, Judge.*

Action by Vasey Bros. against T. L. Capps. Judgment for plaintiffs, and defendant brought error to the Supreme Court of the territory of Oklahoma, whence the cause is transferred to the Supreme Court of the state of Oklahoma. Reversed.

On the 20th day of September, A. D. 1905, the defendants in error, as plaintiffs, began their action in the district court of Blaine county, territory of Oklahoma, against the plaintiff in error, as defendant, alleging that on or about the 1st day of February, A. D. 1904, the plaintiffs had in the care and custody of their duly authorized agent, one George Kennedy, in Blaine county, Okla. T., a certain promissory note, dated December 29, A. D. 1903, in the sum of $100, with interest at the rate of 8 per cent. per annum from date, executed and signed by T. L. Capps and A. J. Capps; that said note provided, among other things, that a reasonable attorney's fee was to be paid if suit was commenced thereon; that said note was of the reasonable market value of $108.72, and was at that time and ever since has been owned by and is the property of the plaintiff; that on or about said 1st day of February, A. D. 1904, the defendant T. L. Capps, knowing that said note was in the possession of the plaintiffs' agent, George Kennedy, did falsely, fraudulently, and deceitfully, with intention to procure the possession of said note and thereby

deprive the rightful owners thereof, make representations to the said Kennedy as such agent of his willingness to pay said note; that said agent, believing such statement and representations of said defendant, did then and there deliver to said defendant the possession of said note, and, upon receiving possession of same said defendant refused and failed to pay for the same, and did then and there wrongfully take and carry away the said personal property, to wit, the said note, and converted the same to his own use and benefit, to the damage of plaintiffs in the sum of $108.72; that the plaintiffs have demanded of and from the defendant the possession of said note or the value thereof, each of which the defendant has refused, and, by reason whereof, plaintiff has been obliged to employ an attorney to prepare and prosecute said action, for whose services he was obliged to pay the sum of $50; that plaintiffs have been obliged to expend thereby a further sum of money in pursuit of the property referred to, to wit, said note, and have been further damaged in the sum of $50.

On the 13th day of October, A. D. 1905, the defendant demurred to plaintiffs' petition on the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was on the 19th day of May, A. D. 1906, overruled, defendant excepting. On the same day defendant filed his answer, denying each and every allegation contained in the petition of plaintiffs, and further alleged that on the 29th day of December, A. D. 1903, the plaintiffs, through their agent, at his farm in Blaine county, Okla. T., sold him a buggy, which was represented by said agent to be of first-class material in every way whatever, including wood, iron, paint, and workmanship; that the defendant received said buggy on said date, and executed the note in question and delivered same to the agent of the plaintiffs, relying upon said representations, and believing that he was receiving such a buggy, though, in fact, plaintiff well knew that said buggy was not of first-class material and as represented; that afterwards, within a reasonable time, he secured the note from the agent of

plaintiffs and tendered back to him the buggy, which was accepted, and said contract rescinded, etc.

On the 4th day of October, A. D. 1906, the cause was tried before a jury. The court, among other things, instructed the jury as follows:

"(3) You are further instructed that if you find from a preponderance of the evidence that the plaintiff was the owner of the note in controversy, and that said note was in plaintiff's possession or in the possession of his duly authorized agent, and if you further find that the defendant obtained possession of said note from the plaintiff or his duly authorized agent without their consent or the consent of either of them, and retained possession of same without their consent, then in that case you are instructed that the possession of said note by the defendant would be wrongful, and unlawful conversion of the same, and he would not be justified in the possession thereof and its retention because of a failure of a warranty of said buggy for the purchase price of which the note retained by the defendant was given, unless you further find from the evidence that the retention of said note was by and with the consent of the plaintiff or his duly authorized agent in a rescission of the contract of purchase.

"(4) You are further instructed that if you find from the evidence in this case that the defendent wrongfully converted the personal property of the plaintiff, viz., the note in controversy, then the plaintiff would be entitled to recover as damages therefor the face value of the note, with interest thereon up to the present time at the rate of 8 per cent, per annum from the date thereof; also, a fair compensation for the time and money properly expended in pursuit of said property."

The jury found for the plaintiffs against the defendant in the sum of $100 as principal, $22.13 as interest, and $1 for money and time expended in pursuit of the property, not including attorney's fees. The attorney for plaintiffs remitted the $1 for money and time, etc. The defendant objected to the court rendering judgment for the principal and interest on the note, for the reason that the same was not responsive to the issues in the case, and contrary to the theory upon which the case was tried, which was overruled and exceptions saved. In due time a motion for a new trial was filed by the defendant, and overruled by the

court, defendant saving exceptions. An appeal by proceeding in error was prosecuted to the Supreme Court of the Territory of Oklahoma, and by virtue of the provisions of the Enabling Act and the Schedule to the Constitution the case is now properly before this court for determination.

W. O. Woolman, for plaintiff in error, cited: Parson's Band Cutter, etc., Co. v. Mallinger, (Iowa) 98 N. W. 580; Sloan Com. Co. v. Henry A. Fry & Co. (Neb.) 95 N. W. 862; Erie City Iron Works v. Totum (Cal.) 82 Pac. 92; Cincinnati Punch, etc., Co. v. Thompson (Kan.) 83 Pac. 988.

H, N. Boardman, for defendants in error, cited: Harlan et al. v. Brown, 4 Ind. App. 319; Pierson v. Townsend et al., 2 Hill (N. Y.) 550; Robinson v. Peru Plow & Wheel Co., 1 Okla. 140; Wilson's Rev. & Ann. St. § 2752.

WILLIAMS, J. (after stating the facts as · above). The following questions are presented herein for consideration:

(1)   Was there error in overruling defendant's demurrer to plaintiffs' petition?

(2)   Did the lower court err in its instructions to the jury?

1.   It is insisted by plaintiff in error, defendant below, that his demurrer should have been sustained on the ground that the petition did not allege that the note represented an indebtedness then due to the plaintiffs, or that it had been· paid, or that it was valid and would become due. In the case of Harlan et al. v. Brown, 4 Ind. App. 319, 30 N. E. 928, it was held that a complaint alleging that plaintiff was the owner of a note which was past due, and, whilst he was intoxicated, the note was wrongfully taken from him without his consent, and the defendants subsequently delivered it to the makers for a new note, constituted a cause of action against the defendants for the conversion of the note; the defendants in the action for conversion being the makers of said note. In the case of Pierson v. Townsend et al., 2 Hill (N. Y.) 550, the action was for trover, in that the plaintiff on, etc., at, etc., was lawfully possessed as of his own property of a certain contract, bearing date May 21, 1841, for the delivery of

possession to one Charles Tripp or his assigns of three dwelling houses situate in the city of Albany (giving the particular location and description of the houses), which said contract was of great value to the plaintiff, to wit, of the value of $7,000 of lawful money, and then alleging a loss and conversion of the contract in the usual form. There was another count substantially the same as the first, except that the contract was stated to be for the delivery of possession of the houses to the plaintiff. The defendant's demurrer was sustained in that case on the ground that the parties to said contract were not given, nor was it averred to be in writing. In the case at bar the plaintiffs alleged that they were the owners of the note in question, that it was wrongfully taken and converted by the defendant, and that the reasonable market value thereof was $108.72. This seems to be sufficient at least against a general demurrer.

2. It is contended by the plaintiff in error that instruction No. 3 given by the court was erroneous, wherein the court stated that the plaintiff in error would not be justified in the possession of the note and its retention because of a failure of a warranty of said buggy, for the purchase price of which the note retained by the defendant was given unless from the evidence it was found that the retention of said note was by and with the consent of the plaintiffs, or their duly authorized agent, in a rescission of the contract of purchase. This instruction seems to be predicated upon one of the issues joined. No other character of rescission was pleaded on his part. The contention on the part of the plaintiff in error that the court erred in giving instruction No. 4, as to the measure of damages the plaintiffs would be entitled to recover, to wit, the face value of the note, with interest thereon at the rate of 8 per cent. per annum, appears to be well founded. Counsel for defendants in error concedes in his brief that, as a matter of defense, the defendant could have shown in the court below that said note prior to the time of the alleged conversion had been paid. Now, on the same theory, why, under the defendant's denial that the note was not of the value as alleged by

plaintiffs, could he not show a partial payment or a partial failure of consideration? Because the reasonable value of the note would be nothing more than the amount the plaintiffs would have originally been entitled to recover thereon. If the plaintiff in error got possession of the note wrongfully, fraudulently, and tortiously, that of itself, regardless of whether or not the note was of any value, would have entitled the plaintiffs in the court below to have recovered nominal damages, and, in addition thereto, the reasonable value of said note; for, if said note had been paid in full prior to the time of its conversion, or if it had been paid in part, or if its consideration had in part failed, there was an available defense to that extent. Its reasonable or market value would be nothing more than the amount that was entitled in law to be recovered thereon. This instruction given by the court below was duly excepted to. There being evidence in the record tending to show a partial failure of consideration, which evidence was received without objection or exception on the part of either side, though it would seem under the general denial to be admissible, renders said instruction prejudicial to the rights of the plaintiff in error. *Plymouth Cordage Co. v. Smith.* 18 Okla. 249, 90 Pac. 418.

It is not essential to pass on other questions raised, as the same will not likely arise on another trial.

Let the judgment of the lower court be reversed, with instructions to grant a new trial and proceed in accordance with the views herein expressed.

All the Justices concur.