**HARRIS et al. v. GRAY et al.**

No. 7549—Opinion Filed May 22. 1917.

(165 Pac. 1148.)

**1. Animals — Trespass by Cattle—Liability.**

Where one without authority turns his cattle into the field of another, and said cat-

tle trespass thereon and damage the property, a judgment exonerating the owner of said cattle from liability is contrary to the law and the evidence, and cannot be sustained.

### 2. Same—Nominal Damages.

In such a case nominal damages, if no more, may be recovered.

### 3. Same—Punitive Damages—Defenses.

The good faith of the party who permitted his cattle to trespass upon the land of another may be shown in order to relieve him from punitive damages, and to this end he may show that he relied upon a contract with a third party as to his right to turn his cattle into said premises, provided he acted upon the belief that said third party had the right to make said contract.

### 4. Same—Measure of Damages—Realty.

The measure of damages for injury to real estate is correctly defined in Enid v. Wiley, 14 Okla. 318, 78 Pac. 96.

(Syllabus by Hooker, C.)

Error from County Court, Jefferson County; Ben F. Saye, Judge.

Suit by W. R. Harris, Sr., and another against John Gray and others. Judgment for defendants, and plaintiffs bring error. Reversed, and cause remanded.

D. F. Spradling and Jay G. Clift, for plaintiffs in error.

Bridges & Vertrees, for defendants in error.

Opinion by HOOKER, C. The facts here show that the real estate in question was owned in the early part of 1913 by one Howard, who on the 20th day of February, 1913. leased the same to the defendant in error Gibson under a written lease of that date by the terms of which the said Gibson agreed not to pasture any cattle on said premises except his own work horses and milk cows, and then not until crops were all gathered, nor should he transfer the contract or sublet the premises without the written consent of the said Howard or his legal representative. After the execution of this lease Howard sold the property to the defendants in error Hammon and one Dulaney, subject to the Gibson lease, and about the 1st of October Hammon and Dulaney sold the same to the plaintiffs in error, subject to the Gibson lease. After the plaintiffs in error purchased the property, by consent of Gibson they went upon the property for the purpose of building some houses in which to live, and it is a disputed question here as to the character of possession they were permitted to have over said property until the 1st of January, 1914. Anyway, they improved the property

and moved some kaffir corn hay and other property upon the premises preparatory to occupying the same and cultivating the property for the 1914 crop.

About December 1, 1913, Hammon and Carter, who were more or less engaged in the cattle business, through Carter leased this property from Gibson for pasture until January 1, 1914, for which Gibson received $20. It is claimed by plaintiffs in error that the cattle of Hammon and Carter destroyed certain feed of the value of $35, tramping the ground so that they could not cultivate it properly in the year 1914, thereby damaging them, for which this suit is instituted, together with punitive damages. It is claimed by the defendants in error that other cattle were permitted upon this land, and that the plaintiffs in error had no right to the possession thereof until January 1, 1914, inasmuch as the same was under the control of Gibson under his lease until that time.

It is a disputed question here whether the plaintiffs in error were entitled to the possession of this property until January 1, 1914; for, while it is admitted that Gibson did give his consent for them to go upon the property and perform certain work, yet he denies that he gave them the exclusive possession thereof, while they contend he did. Be that as it may, they were the owners of the real estate, and if any damage was caused thereto by the cattle of the defendants in error in December, 1913, they would be entitled to recover therefor. Under the lease held by Gibson upon this property, he could not give to Hammon and Carter, or any one else, the right to pasture this property, for his lease expressly denies him that privilege. It must therefore follow that the defendants in error acquired no right to turn their cattle into this property, and the permission granted them by Gibson did not confer upon them the authority nor the right so to do. They therefore were trespassers when they did so. However, it would be competent for defendants in error to show they leased from Gibson, as a circumstance bearing upon the recovery of punitive damages against them. Conceding that the plaintiffs in error had no right to store the provender upon this property or to occupy the same until the 1st of January, 1914, it did not give to Gibson the right to sublet the property, nor to Hammon and Carter the right to turn their cattle into said property, and while it might give to Gibson the right, if they occupied the same without his permission, to recover for the rental value thereof, it did not deprive them of the right to have their property protected against

trespass or injury from the cattle of others.

It·is an admitted fact that over 100 head of cattle belonging to Hammon and Carter were turned onto this property, and the only positive evidence as to the destruction of the provender establishes that the cattle of the defendants in error destroyed the same, and it must be conceded that these cattle did tramp the·ground, and, inasmuch as they were there without any authority, and without permission of the owner of the property, it follows that the judgment in this case is not supported ·by the law or the evidence. Under any state of this case plaintiffs in error are entitled to nominal damages.

As to the question of damages to the real estate, the authorities are not by any means harmonious as to what is the proper measure of damages, but whatever the rule may be in other states, the question has been settled here by our court in the case of Enid v. Wiley, 14 Okla. 318, 78 Pac. 96, and the rule announced there seems to be supported by the greater weight of authority and to be reasonable, just, and equitable. And, ·under the authority of the case above cited, we must hold that the measure of damages to the real estate here, if any, is the cost of restoring the land to its former condition with compensation for the loss of the use of the land or its impaired use, provided these two are less than the diminution in value of the land; for, if the cost of repairing or restoring the land to its former condition, plus the loss of the usable value, is greater than the diminution in the market value of the land, then the diminution in the market value of the land must be the true measure of damages in this case.

Under our statute, amply supported by authorities of this state, punitive damages may be recovered for the breach of an obligation not arising from contract where the defendant has been guilty of oppression, fraud, or malice, actual or presumed. This, however, is a question of fact to be submitted to the jury under proper instruction of the court.

For the reason indicated, the judgment of the lower court is reversed, and this cause remanded.

By the Court: It is so ordered.