## REED v. VOSS et al.

No. 11021—Opinion Filed March 13, 1923.

(Syllabus.)

**1. Damages—Necessity for Wrong.**

While the right to damages depends upon the injury and not upon the amount of damages, the courts, in some instances, have refused to award even nominal damages, as a matter of right, where the wrong complained of as distinguished from the damage sustained is trivial.

**2. Animals—Trespass by Stock—Lack of Injury—Right to Damages.**

In an action for damages to personal property, caused by trespass of stock, where the jury found there was no actual damages, although the evidence is uncontradicted that there was a technical trespass, this court, in the absence of the trespass being willful, wrongful, malicious, tortious, or caused by gross negligence, will not reverse the cause for the failure of the jury to award nominal damages.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by James Reed against E. A. Voss and others for damages for trespass of stock. Judgment for defendants, and plaintiff brings error. Affirmed.

Gasper Edwards, for plaintiff in error.

J. S. Estes, for defendants in error.

McNEILL, J. This action was commenced in the district court of Oklahoma county by James A. Reed and W. F. Ramsey against E. A. Voss et al. to recover damages to a cotton crop caused by the stock of the defendants. Reed owned the land and rented the same to Ramsey, who farmed the same and agreed to pay Reed one-half of the crop as rent.

Ramsey dismissed his cause of action and testified that the crop had not been damaged by the stock of the defendants. The jury returned a verdict in favor of the defendants, and from said judgment the plaintiff Reed has appealed.

For reversal plaintiff in error contends there is no evidence to support the verdict of the jury, because the evidence is uncontradicted that some of defendants' stock trespassed upon the premises where the crop was situated, and by reason of said fact the plaintiff was entitled to nominal damages. Plaintiff in error contends that every trespass of stock supports the right to nominal damages, and therefore a verdict awarding no damages cannot be sustained when it is admitted the parties' stock was guilty of a trespass. Plaintiff cites the case of Harris v. Gray, 65 Okla. 187, 165 Pac. 1148. That case involved not only damages to personal property, but also damages to the real estate. The court in that case stated that it was admitted that over 100 head of cattle were turned onto this property and remained a considerable length of time and tramped the ground, and as the cattle were there without authority and without permission, it followed that a judgment awarding no damages was not supported by the law or the evidence. The case at bar does not involve damages to the real estate, and the petition failed to allege any damages to the real estate. In the case at bar the evidence is conflicting regarding the stock that was in the cotton field. It was admitted that small calves and a few pigs had been in the field a few times, and the evidence was conflicting whether any damages was caused to the cotton crop.

The rule in 17 C. J. 726, is stated as follows:

"While the right to damages depends upon the injury, and not upon the amount of damages, the courts, in some instances, have refused to award even nominal damages where the wrong complained of as dis-

tinguished from the damage sustained is trivial."

This same rule was applied in the case of Paul v. Slason, 22 Vt. 231, 54 Am. Dec. 75, a case involving an action for damages for a technical trespass, where it was said there was no unlawful intent shown, and all actual damages expressly disproved, a recovery of even nominal damages not being warranted.

In the case of Harris v. Gray, supra, this court said:

"Where one without authority turns his cattle into the field of another, and said cattle trespass thereon, and damage the property, a judgment exonerating the owner from liability is contrary to the law and the evidence and cannot be sustained."

The defense in the case at bar tended to show the defendants herded their stock or pastured them and occasionally some of the younger stock strayed away for a short time upon the land of plaintiff, where the cotton crop was growing.

No case is cited supporting the proposition that a trivial or technical trespass to personal property, in an action for damages, where no actual damages were sustained, entitles a person to nominal damages. There is a line of cases that hold where the trespass is willful, wrongful, malicious, or tortious, the party is entitled to nominal damages. Such was the holding of this court in the case of Capps v. Vasey Bros., 23 Okla. 554, 101 Pac. 1043. The evidence disproved that the trespass was willful or fraudulent, or caused by the gross negligence of the defendant. Under this state of facts, we cannot say the verdict of the jury was contrary to the evidence or the law.

It is next contended that the court erred in giving instruction No. 5. The court in this instruction advised the jury, in substance, if the defendants knowingly permitted their stock, while under their care and control, to stray upon the land of plaintiff, although no actual damage was sustained thereby, then plaintiff would be entitled to recover what is known as nominal damages. Plaintiff in error contends the instruction is erroneous because it fails to advise the jury that he was entitled to a verdict, whether the stock was knowingly permitted to stray upon the premises or not, but if stock trespassed upon the premises, that under all circumstances he was entitled to nominal damages. What we have said heretofore applies to this instruction.

Finding no reversible error in the record, the judgment is affirmed.

JOHNSON, V. C. J., and KANE, KENNAMER, NICHOLSON, and BRANSON, JJ., concur.