275 P.2d 959

Sam ALM, Plaintiff and Appellant,

v.

Ben JOHNSON, d/b/a Johnson Aviation Company, Defendant and Respondent.

No. 8106.

Supreme Court of Idaho.

Oct. 29, 1954.

Clements & Clements, Lewiston, for respondent.

William J. Dee, Grangeville, for appellant.

KEETON, Justice.

This action was brought to recover compensatory damages and foreclose a claimed lien on an airplane owned by defendant. Sec. 21–205, I.C. The complaint alleged

that defendant had trespassed on plaintiff's land and destroyed or damaged a pea crop growing thereon. On the trial of the case on issues joined, plaintiff failed to prove the amount of any actual damages to the crop alleged to have been damaged or the extent of the spoilation, if any. Due to failure of proof of the amount of any actual damage, or any basis from which such amount of claimed damage could be computed, the trial court, at the conclusion of the evidence, sustained a motion for a non-suit, and entered judgment of dismissal. From this judgment plaintiff appealed.

Summarized the facts are: Defendant at the time of the alleged trespass on plaintiff's land was operating a crop-dusting airplane over land adjacent to that of plaintiff. Weed killing spray being ejected from this plane while flying over land other than that of plaintiff was permitted by defendant to fall on the whole, or a part of a pea crop growing on plaintiff's land. This spray is alleged to have killed or damaged such pea crop and plaintiff alleged that the loss directly resulting from defendant's action amounted to the sum of $4,320.

The trespass on the land was sufficiently proved but there was no evidence of the extent of the damage or the amount of loss sustained, or any basis by which the amount of damage could be computed.

That no amount of actual damage was proved, or any criterion or guide by which the same could be determined, was on the oral argument of the case, admitted by plaintiff.

In assignments of error appellant contends that although no amount of actual damage was proved, nevertheless, because of the trespass he is entitled to recover nominal damages. Hence he contends the case should not have been non-suited, and a new trial should be granted.

Appellant states his contention as follows: "Should a non-suit be granted in the face of clear cut evidence of an illegal invasion of the property rights of plaintiff?"

When the motion for non-suit was made and argued, plaintiff did not, from anything that appears in the record, contend that he was entitled to nominal damages; nor did he ask to have the cause submitted to the jury on that basis. Neither did he move to open the case and be permitted to submit evidence of the amount of actual damage suffered; and the contention that he is entitled to nominal damages was first presented in this Court.

Where an action is for compensatory damages only, not involving property or personal rights having a value in themselves, a failure to prove compensatory damages is a failure to prove the substance

of the issue, and warrants a judgment of dismissal. Hewson v. Peterman Mfg. Co., 76 Wash. 600, 136 P. 1158, 51 L.R.A., N.S., 398, Ann.Cas.1915D, 346.

 Courts will not reverse a judgment for a defendant merely for the purpose of permitting the recovery of nominal damages where no question of costs and no important or substantial rights are involved. 3 Am.Jur. 559, Sec. 1004; 5 C.J.S., Appeal and Error, § 1914, p. 1415 and cases cited in note 73; 4 C.J. 1179, Sec. 3211; Erickson v. Hudson, 70 Wyo. 317, 249 P.2d 523; Edd v. Western Union Tel. Co., 127 Or. 500, 272 P. 895; Martel v. Hall Oil Co., 36 Wyo. 166, 253 P. 658, 255 P. 3, 52 A.L.R. 91; Stewart v. Spade, 157 Neb. 93, 58 N.W.2d 841; Harmony Ditch Co. v. Sweeney, 31 Wyo. 1, 222 P. 577; Reed v. Voss, 89 Okl. 20, 213 P. 730.

There is no dispute in this case relative to the ownership of plaintiff's land or his right to the crops growing thereon. The matter presented for decision to the trial court was the amount of actual damages sustained because of the wrongful trespass. There was no important principle or substantial right involved other than the amount of actual damage. It follows that the judgment must be affirmed. Costs to respondent.

PORTER, C. J., and GIVENS, TAYLOR and THOMAS, JJ., concur.