**FOURTH NATIONAL BANK OF TULSA,**
Oklahoma, Plaintiff in Error,

v.

**Frederick W. DYER, Defendant in Error.**

No. 37683.

Supreme Court of Oklahoma.

March 15, 1960.

Rogers & Brightmire, Tulsa, for plaintiff in error.

C. L. Hamilton, Merrill S. Bernard, Tulsa, for defendant in error.

WILLIAMS, Vice Chief Justice.

This was an action for conversion of four promissory notes. Judgment for plaintiff. Defendant appeals. Parties are referred to as in the trial court.

Plaintiff brought this action alleging he was the owner of an undivided 5/18ths interest in five promissory notes of a total face value of $6,750. Said notes, each secured by a trust agreement and an assignment of proceeds of oil runs from a certain lease, were payable to defendant. These notes were, in September 1954, deposited with defendant by one J. B. Barnes. The notes were given in payment of the balance of purchase price of interests in the oil and gas lease. The oil payments were to be applied as credits on the notes.

On August 22, 1955, pursuant to instructions of J. B. Barnes, defendant returned to the respective makers four of these notes.

Plaintiff acquired his interest in said notes by virtue of a settlement of another lawsuit filed in January, 1955, involving the sale transaction. Defendant was made a party to that action. On October 13, 1955, plaintiff and J. B. Barnes notified defendant that "the ownership and interest in proceeds of the trust agreements and notes for $6,750.00 is as follows: J. B. Barnes, 4/6; Frederick W. Dyer 5/18 and Harry Plaine 5/18."

The trial court in the action out of which this appeal grew entered judgment in favor of plaintiff, finding that defendant had converted the four notes returned to the makers, and fixing his recovery at 5/18ths of the balance due on the face value of such notes, plus interest and costs. Defendant appeals.

Plaintiff contends that defendant had actual notice that plaintiff was claiming some interest in the notes prior to August 22, 1955. Plaintiff's lawsuit (referred to in the second preceding paragraph) against Barnes to establish such interest was filed in January, 1955. Defendant was a party to that action and filed an answer therein. This answer was introduced in evidence in the present case. The trial court refused to admit in evidence a copy of plaintiff's petition, but permitted testimony stating a conclusion as to what was alleged or claimed in such petition. The answer, standing alone, tends to show that defendant knew that some rights in the proceeds of these notes were being litigated, but does not show that plaintiff was asserting any interest in the notes themselves. Under the best evidence rule, the petition itself should have been admitted. See Landon v. Morehead, 34 Okl. 701, 126 P. 1027, at page 1032.

In McClintock v. Parish, 72 Okl. 260, 180 P. 689, 690, this court held:

"Conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein."

Assuming defendant had actual notice of plaintiff's interest, if any, in the notes, its act of releasing these four notes without consent of plaintiff would warrant a finding by the jury that same constituted a conversion of his interest therein.

Defendant further contends that the trial court committed an error in refusing to admit evidence as to the circumstances of the return of the four notes. Defendant offered to show that the consideration for the notes had failed, and the circumstances under which Barnes rescinded the several sales. The trial court excluded this offer of proof, and awarded judgment for the face value of the four notes, plus accrued interest, and less payments previously made thereon. This was error.

In Capps v. Vasey Brothers, 23 Okl. 554, at page 559, 101 P. 1043, at page 1045, an action for conversion of a promissory note, we said:

"The contention on the part of the plaintiff in error that the court erred in giving instruction No. 4, as to the measure of damages the plaintiffs would be entitled to recover, to wit, the face value of the note, with interest thereon at the rate of 8 per cent. per annum, appears to be well founded. Counsel for defendants in error concedes in his brief that, as a matter of defense, the defendant could have shown in the court below that said note prior to the time of the alleged conversion has been paid. Now, on the same theory, why, under the defendant's denial that the note was not of the value as alleged by plaintiffs, could he not show a partial payment or a partial failure of consideration? Because the reasonable value of the note would be nothing more than the amount the plaintiffs would have originally been entitled to recover thereon. If the plaintiff in error got possession of the notes wrongfully, fraudulently, and tortiously, that of itself, regardless of whether or not the note was of any value, would have entitled the plaintiffs in the court below to have recovered nominal damages, and, in addition

thereto, the reasonable value of said note; for, if said note had been paid in full prior to the time of its conversion, or if it had been paid in part, or if its consideration had in part failed, there was an available defense to that extent. Its reasonable or market value would be nothing more than the amount that was entitled in law to be recovered thereon. This instruction given by the court below was duly excepted to. There being evidence in the record tending to show a partial failure of consideration, which evidence was received without objection or exception on the part of either side, though it woud seem under the general denial to be admissible renders said instruction prejudicial to the rights of the plaintiff in error. Plymouth Cordage Co. v. Smith, 18 Okl. 249, 90 P. 418."

■ In determining the damages for conversion of commercial paper, the Supreme Court of Mississippi, in Bank of Forest v. Capital Nat. Bank, 176 Miss. 163, 169 So. 193, 196, said:

"We will assume, but merely for the purpose of the argument, that the appellant had this right and could have collected the notes by prompt legal proceedings. Nevertheless, the appellant was under no obligation to the appellee bank so to do, for the unauthorized delivery of the notes by the appellee bank to the Hiawatha Milling Company, the maker thereof, was not a mere act of negligence, but was a conversion of the notes, and the appellant had the right to so treat it, for which the appellee bank became liable to the appellant for the value of the notes. Capitol State Bank v. Lane, 52 Miss. 677; 1 Mechem on Agency (2d Ed.) § 1257; 2 Restatement, Agency, § 402, par. (e), and comment (e) under section 426. This value is not absolutely determined, as the appellant contends, by the face of the notes. The purpose, which the law seeks to accomplish by giving an owner of property a right of action against one who by converting it deprives him thereof, is not to enrich the owner of the property at the expense of the converter, but to compensate him for the damages he sustained by the conversion, the measure of which, in the absence of circumstances warranting punitive damages, is the value of the property converted at the time of the conversion. Ingram Day Lumber Co. v. Robertson, 129 Miss. 365, 92 So. 289. There is a presumption that the maker of a note will pay it, consequently its value is prima facie that which appears on its face, but the note may be, in fact, worthless, or of less value than it appears on its face to be, consequently the party sought to be charged therewith has the right to overcome this prima facie presumption by showing that the note is of no value or of a less value than it appears to be on its face. 26 R.C.L. 1150. See, also, note to Ackerman v. Green, [195 Mo. 124, 93 S.W. 255] 6 Ann.Cas. [834] at page 841."

■ In the present case, plaintiff was not a party to the original contract. His interest was acquired by virtue of the settlement agreement. Plaintiff does not allege or prove that he is a bona fide purchaser for value. Therefore, if plaintiff were to bring an action against the makers of these notes, the partial failure of consideration, if any, and the circumstances under which these sales were rescinded might be a defense to such action. The proper measure of damages is the actual pecuniary loss plaintiff sustained by reason of such conversion, not necessarily the face value of the notes. It was prejudicial error to exclude defendant's evidence which might have shown the actual value of these notes, or that the actual value was less than the face value.

In view of our requiring the granting of a new trial, we deem comment on other assignments of error to be unnecessary.

Reversed and remanded with directions to grant a new trial.

DAVISON, C. J., and HALLEY, BLACKBIRD, JACKSON, IRWIN and BERRY, JJ., concur.

WELCH, J., dissents.