691 P.2d 796

Grover NELSON, Plaintiff-Appellant,

v.

HOLDAWAY LAND AND CATTLE COMPANY, Defendant-Respondent.

No. 14483.

Court of Appeals of Idaho.

Nov. 13, 1984.

John B. Kugler, of Pocatello, for plaintiff-appellant.

Craig R. Jorgensen (argued) and Kenneth E. Lyon, Jr., of Pocatello, for defendant-respondent.

WALTERS, Chief Judge.

In 1975 and in previous years, cattle belonging to Holdaway Land and Cattle Company embarked upon a trampling and eating rampage in Grover Nelson's unharvested grain field, scattering noxious weed

seed in the process. In 1975, Nelson felt compelled by their activity to capture and corral the adventurous bovine in order that alternative recreation might be accorded them. The livestock were supported by pasture and a grass and alfalfa mixture provided by Nelson from August until October, 1975, when Nelson agreed to release the cattle to their owner, Holdaway. On August 14, 1975, Nelson filed suit against Holdaway, seeking to recover damages the cattle allegedly had caused to his wheat field, fences and crops, as well as for costs incurred and for losses sustained in housing the wayward animals. After trial without a jury, judgment was entered for Holdaway, from which Nelson appeals. We vacate the judgment and remand for further proceedings.

The trial judge held that Nelson failed to prove by a preponderance of the evidence that his crops had been damaged by the straying cattle during 1975 and prior years. The court also determined that Nelson's right to recover the costs of caring for the animals during 1975 was lost because Nelson failed to commence a lawsuit within five days after their capture as required, in the court's opinion, by I.C. § 25–2408. Nelson urges on appeal that the court's findings of fact are not supported by the evidence and that the court erred by allowing Holdaway to introduce evidence pertinent to affirmative defenses not pled. Nelson also asserts that he is entitled to recover costs for the care of the cattle even though suit was not commenced within five days of their capture, and that Holdaway had a responsibility to maintain the fence separating the properties owned by the parties.

I

The findings of fact to which Nelson objects concern the condition of the wheat field before and after the cattle roamed through it. The trial court found that Nelson's field was in poor condition before the livestock's visit and that machinery, wild animals, or other factors could have caused the weed infestation. On these facts, the court held that Nelson failed to prove what crop and field damage, if any, was attributable to Holdaway's cattle.

■ On appeal, findings of fact will not be disturbed unless they are clearly erroneous. I.R.C.P. 52(a). A finding is not clearly erroneous if it is supported by substantial and competent, though conflicting, evidence. *Rasmussen v. Martin*, 104 Idaho 401, 659 P.2d 155 (Ct.App.1983). Here, the record supports the findings of the trial court in respect to the crop and field damage. The testimony and exhibits reveal a wheat field heavily infested with weeds, even in areas unaffected by the cattle. One or more of several causes, all supported by the record, could have brought the weeds to the field including farm equipment, wild animals, other livestock, and Nelson's own farming practices. Further, testimony at trial indicated that factors other than the weeds, such as the late harvest, contributed to the reduced yield. Thus, substantial—albeit conflicting—evidence supports the trial court's finding regarding the condition of the wheat field.

■ Generally, the plaintiff in a trespass action has the burden to prove a causal connection between the defendant's alleged wrongful conduct and the plaintiff's injury, as well as the extent of the injury sustained. *Mercer v. Shearer*, 84 Idaho 536, 374 P.2d 716 (1962); *Alm v. Johnson*, 75 Idaho 521, 275 P.2d 959 (1954). Here, where numerous causes for which Holdaway was not responsible contributed to the poor crop yield and no evidence was presented to apportion the reduction between the various causes, we cannot say the trial court erred by disallowing recovery for damage to the crop. In *Mercer v. Shearer, supra,* our Supreme Court stated:

> The general rule is that where there is evidence of damages from various causes or by separate individuals at different times, as to a portion of which the defendant cannot be held responsible, and no evidence of what portion of the damages arose from the separate causes, the proof is too uncertain to permit the jury to apportion a part of all the proved

damages to the acts for which the defendant is responsible.

84 Idaho at 541, 374 P.2d at 719. We note, however, that Nelson is entitled to recover nominal damages for Holdaway's trespass even though no actual damages were proven. *Taysom v. Taysom*, 82 Idaho 58, 349 P.2d 556 (1960); *Paurley v. Harris*, 77 Idaho 336, 292 P.2d 765 (1956). In *Alm v. Johnson, supra,* our Supreme Court held that in a trespass case a judgment will not be reversed for the purpose of permitting the recovery of nominal damages where no questions of costs and no important or substantial rights are involved. Here, however, because important rights concerning recovery of the costs of caring for trespassing cattle are also involved, that portion of the judgment denying recovery for the alleged crop damage is reversed so that nominal damages can be awarded.

## II

Two other issues raised by Nelson involve his claims regarding the capture and feeding of the cattle. Construing I.C. § 25–2408, the trial court held that Nelson could not bring this action because he failed to do so within five days after he captured a "majority" of the cattle, although the statute itself does not predicate the right to recover the costs of caring for the animals upon the point in time when a "majority" of them came into the claimant's possession.[1] The trial court also held that Nelson was negligent in maintaining the fence separating the properties and that his own negligence prevented him from recovering against Holdaway. We agree with Nelson that the trial court erred in its disposition of his claim for recovery

of costs incurred in caring for some of the Holdaway livestock.

Both the five-day limitation statute and the fence maintenance issue arise because Nelson's land is located within a herd district. A majority of the landowners in an area in Idaho may petition their county commissioners for the creation of a herd district. I.C. § 25–2403. Once a herd district is created, the rule that requires landowners to fence their own property to keep another's livestock out no longer applies; within the herd district, the livestock owner must fence his own land in order to prevent his livestock from roaming onto another's property. I.C. § 25–2408; *Maguire v. Yanke*, 99 Idaho 829, 590 P.2d 85 (1979). The owner of livestock who allows them to roam in a herd district is liable for any damage caused to another by the animals and the person damaged has a lien upon the livestock and can take custody of the livestock until the damage is paid for, except that the injured party does not have a right to hold the livestock for more than five days without commencing an action to recover the damages. I.C. § 25–2408.

Here, Nelson's entire field is located within a herd district; most of the adjacent Holdaway property is part of an open range. However, a portion of Holdaway's land is also within the herd district. A fence runs along the property line, within the herd district, where the Nelson and Holdaway lands adjoin. Uncontroverted testimony indicated that the cattle roamed into the herd district while still on Holdaway property and then drifted through the fence into Nelson's wheat field. On these facts, Holdaway had a duty to fence its property to keep the livestock from tres-

---

1. I.C. § 25–2408. Civil liability.—The owner of animals permitted or allowed to run at large, or herded in violation of any order made in accordance with the provisions of section 25–2404, shall be liable to any person who shall suffer damage from the depredations or trespasses of such animals, without regard to the condition of his fence; and the person so damaged shall have a lien upon said animals for the amount of damage done, and the cost of the proceedings to recover the same, and may take the animals into custody until all such damages are paid:

provided, that the person so taking said animals into custody shall not have the right to retain the same for more than five (5) days without commencing an action against the owner thereof for such damages. Said damages may be recovered by a civil action before any court of competent jurisdiction, and no such action shall be defeated or affected by reason of any criminal action commenced or prosecuted against the same party under the provisions of the preceding section.

passing onto neighboring property within the district.[2] I.C. § 25–2408; *Maguire v. Yanke, supra.*

To the extent the trial court held Nelson could not recover for the care of the cattle captured on August 1st and 2nd, no error was committed. Because Nelson lost his right to retain those cattle by failing to file a claim within five days of their capture, he was not entitled to compensation for his care of those animals. But the record reveals that other livestock were captured within the five days preceding August 14th, the date Nelson commenced this suit, and some cattle may have been captured thereafter. The livestock captured within the five days prior to suit and those captured thereafter were lawfully retained by Nelson. I.C. § 25–2408. We hold that he is entitled to recover his reasonable costs for caring for the animals lawfully held.

Had Nelson elected to maintain a lawful fence around his field, then I.C. §§ 25–2201 to 2208 (although primarily applicable outside a herd district) would provide a procedure for recovering the costs of caring for the Holdaway cattle. However, I.C. §§ 25–2401 to 2409 do not specifically provide a procedure for recovering costs associated with the care of livestock lawfully captured within a herd district. In the absence of a specific legislative directive, we hold that Nelson can recover the reasonable costs of caring for the livestock lawfully retained for a reasonable period. Thus, we remand to the district court to make specific findings regarding the number of livestock captured on August 9th or thereafter, the reasonable expenses Nelson incurred in caring for only those livestock, and the period of time for which Nelson's retention of those cattle was reasonable. Judgment should then be entered for Nelson in that amount.

### III

Nelson also argues that the trial court erred by permitting Holdaway to introduce evidence about other cattle in the wheat field and by admitting evidence that some of the cattle were not captured within five days preceding August 14th. Nelson believes the evidence was inadmissible because it was relevant only to affirmative defenses that Holdaway did not plead. Holdaway had answered Nelson's complaint with a general denial. We believe the evidence was admissible under the rule that "[a] general denial 'goes to the root of the cause of action and permits the introduction of any proper evidence tending to controvert the facts which the plaintiff must establish to sustain his case.'" *Boise City v. Better Homes, Inc.,* 72 Idaho 441, 449, 243 P.2d 303, 307 (1952), *quoting* 41 Am.Jur. *Pleading* § 366. Thus, the evidence was properly admitted by the trial court.

The judgment is vacated. The cause is remanded with directions to award nominal damages for the trespass and to make specific findings regarding Nelson's claim for care of the livestock captured within five days of August 14, 1975 and thereafter, and to enter a judgment consistent with this opinion. Costs to appellant, Grover Nelson. No attorney fees on appeal.

BURNETT and SWANSTROM, JJ., concur.

---

2. These facts do not require us to decide which party has a duty to fence where an open range and herd district meet at a common border. Nor is I.C. § 25–2402, which states that "the herd district shall not apply to nor cover livestock ... which shall roam ... from open range into the district unless the district shall be inclosed by lawful fences," applicable. The cattle at issue here roamed from Holdaway property located within the herd district to Nelson's field, also located in the district.