486 P.2d 271

Maurine L. MEYER and Floyd Meyer, wife
and husband, Plaintiffs-Appellants,

v.

Glen L. WHIPPLE, dba Hillcrest Lanes,
Defendant-Respondent.

No. 10709.

·Supreme Court of Idaho.
June 29, 1971.

Weston & Weston, Boise, for plaintiffs-appellants.

Coughlan, Imhoff, Christensen & Lynch, Boise, for defendant-respondent.

McQUADE, Chief Justice.

On the afternoon of February 15, 1969, appellants, husband and wife, arrived at the Hillcrest Bowling Alley in Boise. Although Mrs. Meyer and her husband testified they had observed that the playing area and lanes to be used were dirty, she nevertheless· proceeded to begin bowling. Soon after she began, Mrs. Meyer testified that her left foot, in advancing it forward to slide while on her approach, stuck on something on the floor causing her to fall and resulting in an alleged injury to her back. After the fall she examined the approach to the lane and discovered what she thought was a ring of dirt or something which may have been spilled on the approach. After the accident she continued to bowl for three more games, but avoided the precise spot where her foot had stuck previously.

Appellant, Mrs. Meyer, testified that at the time of her arrival, another person was bowling on the lane on which the alleged injury occurred. Previous to this time other players had been engaged in a city tournament since at least 9:00 a. m. Appellant, before the alleged accident, threw a practice ball on each of the lanes on which she was to be bowling on that date.

There is a dispute in the evidence concerning the condition of the alley upon which appellant was allegedly injured. Appellants maintain that the lanes were dirty and that the area behind the lanes in the sitting area was also dirty. Respondent's witnesses, on the other hand, testified that the lanes were generally cleared of debris and litter, and that the lanes were being cleaned prior to appellants' scheduled team bowling. One of the respondent's witnesses testified that the lanes were in excellent condition.

The specific condition of which appellants complain is a little ring of dirt where, apparently, a drop of liquid had splashed on the approach and dried. Mrs. Meyer, however, admitted she did not know whether this condition caused her foot to stick, and that anything on the alley could have been put there by the preceding team, or that she herself could have picked up something from the scoring area and carried it to the approach area.

After the appellants had presented their case in chief and had rested, the respondent made a motion for involuntary dismissal under Rule 41(b) of the I.R.C.P. The trial court took the motion under advisement and instructed the respondent to present its evidence. After both sides had rested, respondent renewed its motion for involuntary dismissal or for a judgment in favor of respondent. The trial court found that appellants had failed to prove any grounds for negligence on the part of respondent. The trial court also found that the appellants had failed to prove facts to which the doctrine of *res ipsa loquitur* could be applied. Therefore, the trial court ordered appellants' complaint dismissed pursuant to Rule 41(b) of the I.R.C.P.

■ Appellants' first assignment of error is that the trial court should not have denied appellants' motion for trial by jury. This assignment is without merit in light of the fact that the right to a civil trial by jury is waived by failure to demand a jury

trial within ten days after service of the last pleading directed to an issue. *See* I.R.C.P., Rule 38(a), 38(b), and 38(d). See also Allen Steel Supply Co. v. Bradley, 89 Idaho 29, 39–41, 402 P.2d 394, 403 P.2d 859 (1965). Even though it is clear that appellants failed to comply with Rule 38, it is also contended by appellants that the trial court abused its discretion under Rule 39(b), wherein it is within the trial court's discretion to grant a trial by jury even though Rule 38 was not complied with. On examining the record, however, it appears that the trial court was conscientious in considering the motion for jury trial under Rule 39 and did not abuse its discretion in denying it.

■ Appellants next assign error to the trial court's granting judgment for involuntary dismissal. Because this case was tried to the court, the finder of the facts, under Rule 41(b) the trial court has the discretion to grant the dismissal of a plaintiff's case on the ground that the plaintiff has established no right to relief. *See* Stratton v. Stratton, 87 Idaho 118, 125–126, 391 P.2d 340 (1964). After an examination of the law and facts involved in this case it is clear that the trial court did not abuse its discretion. There was testimony that the area and lanes were clean and in good condition. The area and lanes were not within the exclusive control of the respondent, as many people had access thereto. Also, appellant testified she really did not know what caused her foot to stick on the floor.

■ Finally, appellants' assign error to the trial court's ruling that this case does not properly involve the application of the doctrine of *res ipsa loquitur*. As was stated above, appellant testified she really did not know what caused her foot to stick. She went on to say that anything on the alley could have been put there by the preceding team or that she herself could have picked up something from the scoring area and carried it into the approach area. An observation by Dean Prosser states the matter succinctly. For the application of

the doctrine of *res ipsa loquitur* the test should be:

> "that the apparent cause of the accident must be such that the defendant [the defendant alone ruling out the possibility of negligence on the part of third parties] would be responsible for any negligence connected with it [the accident]." Prosser, Torts, 3rd ed., Circumstantial Evidence—Res Ipsa Loquitur, p. 225.

*See also* Whitt v. Jarnagin, 91 Idaho 181, 187, 418 P.2d 278 (1966); Flowerdew v. Warner, 90 Idaho 164, 170, 409 P.2d 110 (1965). We conclude that the trial court was correct in its determination that this is not a proper case for an application of the doctrine of *res ipsa loquitur*.

Judgment affirmed. Costs to respondent.

McFADDEN, DONALDSON, SHEPARD and SPEAR, JJ., concur.