487 P.2d 939

John **WEAVER**, Plaintiff-Appellant,

v.

**PACIFIC FINANCE LOANS**, a California Corporation, Defendant-Respondent.

No. 10671.

Supreme Court of Idaho.

Aug. 2, 1971.

Stephen Bistline, Sandpoint, Thomas A. Mitchell, Coeur d'Alene, for plaintiff-appellant.

Elam, Burke, Jeppesen, Evans & Boyd, Boise, for defendant-respondent.

DONALDSON, Justice.

This appeal from a judgment of dismissal by the trial court (sitting without a jury) of an action in conversion raises issues of proximate cause and proof of damages. In June, 1966, plaintiff, John Weaver, purchased a tavern and restaurant, complete with liquor license, from Parse Norvell. Weaver gave Norvell several promissory notes and agreed to assume Norvell's obligation on a conditional sales contract with defendant, Pacific Finance Loans, hereinafter called Pacific. Weaver testified in the court below that under his management the business never produced profit. By September 13, 1966, he was delinquent in his payment on the Pacific contract and for a premium on an insurance policy. On that date representatives of Pacific personally notified him the company was foreclosing, and removed the liquor license displayed in the tavern. Pacific informed Norvell of the action taken and Norvell immediately notified Weaver that he was going to enforce payment of the promissory notes. Weaver closed the business immediately, and, on September 16, 1966, executed with Norvell a "mutual

cancellation agreement" voiding the June sale and terminating Weaver's interest in the premises.

In this action Weaver alleged, and the trial court found, that removal of the liquor license by Pacific violated a contract provision requiring notice of default thirty days prior to initiating foreclosure. Finding physical possession of the license essential to the right to sell liquor,[1] and interpreting that right as personal property, the trial court held Pacific's removal of the license "a distinct act of dominion wrongfully exerted over plaintiff's personal property," constituting conversion. Schieche v. Pasco, 88 Idaho 36, 395 P.2d 671 (1964); Carver v. Ketchum, 53 Idaho 595, 601, 26 P.2d 139 (1933). We do not review the finding that removal of the license was a tortious act. Rather, we accept that finding *arguendo*, and proceed to the issues of actual damages and proximate cause by which the case is controlled.

Appellant alleges that Pacific's conduct forced him (1) to close the business on September 13, and (2) to reconvey the business to Norvell on September 16 at a loss, measured as the appraised value of the business less the outstanding obligation to Pacific. Neither allegation merits recovery unless plaintiff's actual loss is proven with reasonable certainty, Williams v. Bone, 74 Idaho 185, 259 P.2d 810 (1953), and defendant's conduct is shown to be the proximate cause of plaintiff's injury. Jacobson v. McMillan, 64 Idaho 351, 132 P.2d 773 (1943) (personal injury case). We believe the first allegation is deficient in proof of actual damages, while the second fails the test of proximate cause.

I.

The proper measure of damages for wrongful taking of personal property is the reasonable value of its use, with interest, during the period of detention. National Motor Service Co. v. Walters, 85 Idaho 349, 379 P.2d 643 (1963). Damages in this case are limited to profits lost between September 13 and September 16, when Weaver relinquished his interest. Damages may be awarded only if plaintiff shows that profits would have been made during the detention period, absent the conversion. But where, as here, the business has no history of profits, prospective profits are too uncertain and speculative to form a basis for recovery. Head v. Crone, 76 Idaho 196, 279 P.2d 1064 (1955).

Neither may exemplary damages be awarded where plaintiff fails to prove defendant's conduct wanton, malicious, gross or outrageous. Klam v. Koppel, 63 Idaho 171, 118 P.2d 729 (1941). The trial court found no such conduct. That finding is supported by substantial and competent, though conflicting, evidence, and will not be disturbed on appeal. Jones v. Big Lost River Irrigation District, 93 Idaho 227, 459 P.2d 1009 (1969); I.C. § 13–219.

Finally, we are not required to reach the issue of nominal damages. Even if this Court affirmed the finding below, that a tortious act had been committed, from which the right to nominal damages normally is presumed, Coe v. Bennett, 46 Idaho 62, 266 P. 413 (1928), an appellate court will not reverse judgment of the trial court for mere failure to allow nominal damages where, as here, the issue is one of

1. Defendant maintained on appeal that removal of the license did not deprive plaintiff of his right to sell liquor, since that right vested in him personally, not in the physical document. No statute or regulation of the Department of Law Enforcement requires possession of the document to sell liquor. Yet the license itself, whose form is prescribed by the Commissioner of Law Enforcement (see I.C. § 23–932), instructs in bold type that the document be displayed conspicuously on the premises. Moreover, the application for retail liquor license, also promulgated by the Commissioner, requires the applicant to sketch the premises, indicating where the license will be displayed. Our disposition of the case on other grounds makes unnecessary a ruling by this Court. In any event, the Department of Law Enforcement is the more appropriate body to resolve an apparent conflict in liquor licensing regulations.

damages alone. O. A. Olin Co. v. Lambach, 35 Idaho 767, 209 P. 277, 44 A.L.R. 354 (1922).

### II.

 The trial court found that appellant *failed to prove proximate relation between* removal of the license and Weaver's reconveyance at a loss to Norvell. The court characterized the transaction as voluntary, while appellant contends that Pacific's conduct compelled him to relinquish his interest. We believe the dichotomy between *volition and compulsion begs a more fundamental* question: whether Norvell's threat to enforce payment on the notes, prompting Weaver to reconvey, resulted from Pacific's notice of foreclosure or from removal of the liquor license. While the two coincided in place and were sequential in time, they were separate acts, each of distinct significance. The notice of foreclosure initiated the legal process of terminating Weaver's interest in the restaurant and tavern; removal of the license merely interrupted the sale of hard liquor. The former threatened Norvell more immediately than the latter. In the "mutual cancellation agreement" Norvell recited the impending foreclosure by Pacific, and Weaver's inability either to pay the notes or to continue in business, as reasons for executing the reconveyance. Removal of the liquor license passed unmentioned. Even though the transaction was not entirely voluntary, the element of inducement traces not to the allegedly tortious act of removing the license, but to the precarious state of the business, rendered critical by Pacific's notice of foreclosure. The evidence produced at trial affords no occasion to disturb the trial court's finding, that appellant failed to prove removal of the license proximately caused reconveyance at a loss to Norvell. See Jones v. Big Lost River Irrigation District, *supra,* and I.C. §

13–219. That failure precludes recovery of damages in any form.[2]

Judgment affirmed. Costs to respondent.

McQUADE, C. J., McFADDEN, J., and HAGAN and SCOGGIN, District Judges, concur.

---

2. Appellant contends that the court below erroneously decided the proximate cause issue on an election of remedies theory. We do not share that interpretation of the court's language. In any case, the result reached by the trial court will be affirmed if correct, even though reached by an erroneous route. Layrite Products Co. v. Lux, 91 Idaho 110, 416 P.2d 501 (1966).