528 P.2d 196

**Norris L. NIELSON, Plaintiff-Respondent,**

**v.**

**Barbara N. DAVIS, as Executrix of the Estate of Fred L. Nielson, Deceased, Defendant-Appellant.**

**No. 11625.**

Supreme Court of Idaho.

Nov. 12, 1974.

Nels T. Sahl, St. Anthony, for defendant-appellant.

Ray W. Rigby, G. Rich Andrus of Rigby, Thatcher & Andrus, Rexburg, for plaintiff-respondent.

BAKES, Justice.

This action was initiated against the personal representative of the estate of Fred L. Nielson to recover damages which the plaintiff claimed were due him for improvements made to the estate's real property. The trial court found that the estate had been unjustly enriched to the extent that the plaintiff's money, labor and materials had increased the value of the land less the value of encumbrances that partially financed improvements upon the land. The personal representative has appealed from the finding that the estate was unjustly enriched and the judgment entered pursuant to that finding.

Plaintiff Norris L. Nielson was the son of Fred L. Nielson and Ora Nielson. While his parents were both alive, he entered upon real property they owned and directed the construction of a trailer park and laundromat. He operated the trailer park and laundromat after its construction was completed. After his mother died, the real property upon which the business was located passed to his father. Respondent Nielson continued to operate the business until after his father's death. Then his sister, Barbara N. Davis, the personal representative of their father's estate, took possession of the property and operated the business upon it until the property was sold to a third party.

Nielson's parents were aware that he had made the improvements upon the property and was operating a business upon it. Indeed, his mother had furnished approximately $10,000 used in the construction of the complex, and his parents had agreed to encumber the property to provide additional funds for use in the business. The trial court found that the money Nielson's mother had made available to him to pay for construction of the trailer park was intended to be a gift to him rather than a loan. This finding, which the appellant claims was in error, was supported by substantial though conflicting evidence and was not clearly erroneous; it will not be set aside on appeal. I.R.C.P. 52(a); Ivie v. Peck, 94 Idaho 625, 495 P.2d 1110 (1972). Along with the gift from his mother, Nielson contributed some other funds he owned to construct the trailer court and laundromat.

The total amount of funds that Nielson provided, however, is not the amount that the estate has been unjustly enriched. In cases of quasi-contract, such as this one, the measure of damages is not the value of the money, labor and materials supplied to increase the value of the estate, but rather the amount of enrichment

which results from that money, labor and services which would be unjust for the enriched party to retain. Continental Forest Products, Inc. v. Chandler Supply Co., 95 Idaho 739, 518 P.2d 1201 (1974).

█ The trial court found that the property, which had been sold by the estate for $30,000, had a value of $7,500 in its unimproved state. The trial court also found that at the time Fred Nielson died there were encumbrances upon the real property or the appliances in the laundromat in the amount of approximately $8,390. Thus, the value of the property was found to have been increased $22,500 ($30,000 less $7,500), and the estate was enriched by this amount less the value of the encumbrances upon it, or $14,110 ($22,500 minus $8,390). The foregoing computations by the trial court as to unjust enrichment are supported by competent, though conflicting evidence, and thus will be sustained on appeal. Ivie v. Peck, *supra;* Continental Forest Products, Inc. v. Chandler Supply Co., *supra.*

█ In addition to the assignments of error concerning the findings of fact and conclusions of law relating to unjust enrichment, assignments of error were made by the appellant directed to testimony which she alleges was admitted in violation of I.C. § 9–202(3), the Idaho dead man statute. The statute provides as follows:

"9–202. *Who may not testify.*—The following persons cannot be witnesses:

. . . . . .

"3. Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted against an executor or administrator, upon a claim or demand against the estate of a deceased person, as to any communication, or agreement, not in writing, occurring before the death of such deceased person."

During the trial respondent Nielson was allowed to testify about an alleged oral agreement that he claimed he had with his parents concerning promises to convey to him the land upon which the business was being conducted. Such testimony was clearly testimony of the kind that I.C. § 9–202(3) declares inadmissible. It concerned an unwritten agreement with the deceased Fred Nielson upon which one count in respondent's complaint was based—breach of an oral contract to convey. Quayle v. Mackert, 92 Idaho 563, 447 P.2d 679 (1968).

█ Although admission of this testimony, or any other testimony respondent has given concerning oral agreements with his late father, was error, it is not grounds for reversal in this case. The trial court based its decision of unjust enrichment upon its findings of fact as to the value of the land in an unimproved condition, the value that was received when the land was sold and the value of the encumbrances against the land or improvements thereon. None of these findings was based wholly upon conversations with the deceased Fred Nielson, against whose estate respondent's claim is made. There was other evidence to sustain them. The respondent's testimony regarding conversations with his mother was not prohibited by § 9–202(3) because the action was not a claim against her estate. "Proof of transactions with third persons is not barred by [the dead man statute]." People's National Bank v. National Bank of Commerce, 69 Wash.2d 682, 420 P.2d 208, 214 (1966). Consequently, Nielson's testimony about the money his mother gave him did not violate I.C. § 9–202(3).

The findings of the trial court were based upon competent, though conflicting evidence, and therefore they will not be set aside on appeal. Dahlberg v. Johnson's Estate, 70 Idaho 51, 211 P.2d 764 (1949).

Judgment affirmed. Costs to respondent.

SHEPARD, C. J., and DONALDSON, McQUADE and McFADDEN, JJ., concur.