548 P.2d 857

John ROEMER and Georgia Roemer, husband and wife, Plaintiffs-Appellants,

v.

GREEN PASTURES FARMS, INC., an Idaho Corporation, Defendant-Respondent.

No. 11808.

Supreme Court of Idaho.

April 20, 1976.

D. Blair Clark, of Anderson, Kaufman, Anderson & Ringert, Boise, for plaintiffs-appellants.

Jack S. Gjording, of Elam, Burke, Jeppesen, Evans & Boyd, Boise, for defendant-respondent.

McFADDEN, Chief Justice.

Plaintiffs-appellants, John Roemer and his wife, Georgia Roemer, instituted this action against Green Pastures Farms, Inc., the defendant-respondent, seeking to recover damages for allegedly fraudulent misrepresentations, or in the alternative, for breach of express warranties in con-

nection with an exchange of real property between the parties. At the close of the plaintiffs' case, defendant moved for dismissal pursuant to I.R.C.P. 41(b), and the district court, sitting without a jury, granted the defendant's motion, and entered findings of fact, conclusions of law and judgment of dismissal of the plaintiff's action, from which the plaintiffs appealed.[1] We affirm.

In September of 1969, Roland Williams, the president of defendant corporation listed for sale with plaintiff John Roemer, doing business as Roemer Realty, a 640 acre ranch owned by the defendant which was located in the King's River Valley of Nevada. After some weeks the property had not been sold, and Roemer conceived the idea of possibly trading a trailer court he owned in Twin Falls for the corporation's interest in the Nevada property. In furtherance of that idea, he visited the Nevada property with his wife, and again with an associate broker of Roemer Realty. Finally, in November 1969, the plaintiffs and defendant entered into an exchange agreement wherein the Roemers exchanged their interest in the Twin Falls property for the defendant's interest in the Nevada ranch. The Roemers then rented the ranch to tenant farmers and subsequently sold the ranch prior to trial.

At the close of the plaintiffs' case in chief, the defendant moved for involuntary dismissal pursuant to I.R.C.P. 41(b). The district court granted the motion and entered findings of fact, conclusions of law and a judgment of dismissal. The district court ruled that the plaintiffs had failed to meet their burden of proving that the ranch had been fraudulently misrepresented, that express warranties had been made, or that the plaintiffs had been damaged.

On appeal, the plaintiffs argue that the district court erred in its findings of fact and conclusions of law as to four representations. The plaintiffs assert that the rec-

ord established that the property was fraudulently misrepresented in four instances: (1) Wilbur Williams, secretary of the defendant corporation, said to Roemer when he visited the ranch that the ranch had sufficient well water to irrigate all 640 acres whereas the amount of water was insufficient; (2) Roland Williams, president of the defendant corporation, represented in the listing agreement that property taxes were $750 per year whereas the taxes were $1,230; (3) also, in the listing agreement, Roland Williams estimated the irrigation costs as "about $4.50 per acre", but electricity costs, the principal cost factor in irrigation with well water, were considerably more; (4) during Roemer's visit to the ranch, Wilbur Williams said that both irrigation pumps were in good operating condition; however, one pump required extensive repairs. The plaintiffs also contend that these representations constitute express warranties and that the defendant was in breach of the warranties. We will discuss the first three representations together and then discuss the latter representation. However, we must review first the law applicable to a trial court's ruling on a Rule 41(b) motion to dismiss when that court is sitting without a jury.

Relying upon *Rogge v. Weaver*, 368 P.2d 810 (Alaska 1962), the plaintiffs argue that they presented a prima facie case of fraud and the district court erred by granting the defendant's motion. This court has held that "[w]hen a motion to dismiss is made in a non-jury case, the court may weigh the evidence; and if it finds that the plaintiff has failed to carry the burden of proof, judgment on the merits must be entered in favor of the defendant." *Nelson v. Marshall*, 94 Idaho 726, 733, 497 P.2d 47, 54 (1972). Our holding that the trial court may weigh the evidence is in accord with the majority rule. 55 A. L.R.3d, Annot., "Prima Facie Case—Dismissal", p. 272 (1974). Adoption of the plaintiffs' argument would require us to

---

1. Defendant-respondent also filed a notice of appeal but chose not to pursue the cross-appeal.

overrule several cases and to adhere to the minority viewpoint; we decline to do so. Thus, upon a Rule 41(b) motion the trial court, sitting without a jury, may weigh the evidence and enter judgment against the plaintiffs if they did not meet their burden of proof.

■ The district court found the "[p]laintiffs failed to establish that the defendant intentionally deceived, defrauded or misrepresented any information given by defendant" regarding the amount of irrigation water available, the annual cost of irrigation, or the amount of taxes assessed against the ranch. These findings of fact are supported by substantial and competent evidence and so we will not reverse them. See *Gneiting v. Clement*, 96 Idaho 348, 528 P.2d 1283 (1974).

■ The district court also found that, as to the representations of the amount of irrigation water, amount of property taxes, and the costs of irrigation, the plaintiffs failed to establish that they were damaged as a result of the representations.[2] The plaintiffs attempted to establish their damages from these representations by the testimony of an expert witness qualified as an appraiser. The appraiser testified that his appraisal was based upon data from comparable sales of other ranch property and from an examination of the property itself. He admitted during cross examination that in making his appraisal he did not take into consideration data from the sale of the ranch by the Roemers to a third party or from the purchase of the ranch by the defendant several years prior to the sale at issue. The district court, in ruling from the bench upon the defendant's motion rejected the witness's appraisal as being "inherently unreliable". The district court, sitting as a trier of fact, may reject the uncontradicted testimony of a witness if the testimony is inherently improbable.

*Russ v. Brown*, 96 Idaho 369, 529 P.2d 765 (1974). The weight to be given the testimony of an expert witness is a question for the trier of fact. *Bean v. Diamond Alkali Co.*, 93 Idaho 32, 454 P.2d 69 (1969). We must give due regard "to the special opportunity of the trial court to judge the credibility of those witnesses who appear personally before it." I.R.C.P. 52(a). After reviewing the record, we find no error in this regard. I.R.C.P. 52(a). See, *Neilson v. Davis*, 96 Idaho 314, 528 P.2d 196 (1974). Thus, as proof of damages is a prerequisite for maintenance of an action in fraud, the district court did not abuse its discretion by granting the defendant's motion to dismiss those counts of the complaint sounding in fraud. See, *Sharp v. Idaho Investment Corp.*, 95 Idaho 113, 504 P.2d 386 (1972).

■ However, regarding those counts alleging breach of an express warranty, the plaintiffs, if they established their right to recover damages, may have been entitled to a judgment in their favor with an award of nominal damages. Assuming without deciding that the plaintiffs were entitled to nominal damages, we will not reverse "for mere failure to allow nominal damages where, as here, the issue is one of damages alone." *Weaver v. Pacific Finance Loans*, 94 Idaho 345, 347, 487 P.2d 939, 941 (1971). *Accord, Alm v. Johnson*, 75 Idaho 521, 275 P.2d 959 (1954). No issue as to other relief or costs in the district court is before this court and so we will uphold the district court's order dismissing these counts.

The plaintiffs also assert that the district court erred when it dismissed that count of the complaint alleging that the defendant had misrepresented the condition of one of the irrigation pumps. The plaintiffs argue that Wilbur Williams represented in the fall of 1969 that both of the irrigation pumps were in good condition whereas one

2. The plaintiffs, in their complaint, prayed for special damages on each specific count of fraud or breach of warranty; however, at the trial, the plaintiffs put on proof which attempted to establish as the measure of damages the difference between the fair market value of the property and the price which they paid for the property.

pump required extensive repairs. The record discloses one pump required repairs which cost $263.62 in May, 1970. The district court found the plaintiffs failed to establish that the pump was defective in November, 1969, when the contract was signed or that the repairs "were occasioned by any act or omission of the defendant". At best, the evidence supports an inference that the repairs to the pump were caused by an act or omission by the defendant; the district court weighed the evidence and found against the plaintiffs. We find no error in this regard. See, *Meyer v. Whipple,* 94 Idaho 260, 486 P.2d 271 (1971).

We have reviewed the other assignments of error and find them to be without merit.

Judgment affirmed. Costs to defendant-respondent Green Pastures Farms, Inc.

DONALDSON and SHEPARD, JJ., and SCOGGIN, D. J. (Retired), concur.

BAKES, Justice, concurring in part and dissenting in part:

I concur with the majority opinion except that portion denying damages for the cost of repairs to one of the pumps in the amount of $263.62. The evidence of the plaintiffs was clear, as the record before this Court indicates, that the defendant represented to the plaintiffs in the fall of 1969, after the irrigation season was over and the pumps were shut down, that both of the irrigation pumps were in good condition. The plaintiffs had the defendant start up one pump to check its condition and it was satisfactory. The defendant represented that the other pump was in better condition than the one which the plaintiffs started. Relying upon this and other representations, the plaintiffs testified that they purchased the property. After the plaintiffs took possession of the property and tried to start the second pump, they testified that the pump shook so badly that the ground vibrated. The plaintiffs' evidence showed that it took $263.62 in order to have the pump repaired so that it would operate properly.

The majority states that the district court "weighed the evidence and found against the plaintiffs." There was nothing for the district court to weigh. The plaintiffs' evidence was uncontroverted. This Court has previously held that in ruling on a 41(b) motion the trial courts cannot "disregard testimony which was neither contradicted, impeached nor inherently improbable." *Hook v. Horner,* 95 Idaho 657, 517 P.2d 554 (1973). While the $263.62 claim may be minor compared to plaintiffs' other claims, that is no reason to deny plaintiffs their day in court. I would reverse the cause and permit the plaintiffs to proceed on that claim. I think it is setting a dangerous precedent to permit a district court to totally disregard the plaintiffs' evidence on a Rule 41(b) motion.

The result reached by the majority is even more incongruous when you consider that had the plaintiff submitted the same evidence which he submitted at trial by way of a deposition or affidavit in support of a motion for summary judgment the trial court would have been required to render summary judgment in plaintiff's favor since the rule has long been that ". . . it is not the function of the trial court to weigh the evidence . . ." in ruling on a motion for summary judgment. *Merrill v. Duffy Reed Construction Co.,* 82 Idaho 410, 414, 353 P.2d 657, 659 (1960). It is difficult to understand how you can sustain a Rule 41(b) motion to dismiss against the plaintiffs on the $263.62 claim when the plaintiffs would have been entitled to summary judgment for that amount based on the same record.