647 P.2d 311

Richard C. VIEHWEG and Vicki Viehweg, Plaintiffs-Respondents, Cross-Appellants,

v.

Dean C. THOMPSON, Defendant-Appellant, Cross-Respondent.

No. 13329.

Court of Appeals of Idaho.

June 8, 1982.

Petition for Review Denied Sept. 15, 1982.

Martin R. Ward and David H. Maguire, Maguire & Ward, Pocatello, for Dean C. Thompson.

John B. Kugler, Pocatello, for Richard G. Viehweg and Vicki Viehweg.

BURNETT, Judge.

It was a clear spring day. A two-lane highway ran straight and narrow, crossing a bridge and skirting a farm field. A truck turned left toward the field, crossing the center line of the highway. A car approached from the rear, entering the left lane as it began to pass the truck. The ensuing collision gave birth to this case. The car driver, Viehweg, joined by his wife, sought damages from the collision. After a bench trial, their claim was allowed in part; and the truck driver, Thompson, appealed. Not satisfied with what the court had adjudged, the Viehwegs cross-appealed.

Thompson's appeal poses the following questions: (1) Is a tort counterclaim, arising from the same incident as the initial complaint, subject to the statute of limitation that would apply if the counterclaim had been filed as an initial pleading? (2) May a trial court, having set a matter for bench trial, deny a subsequent motion for trial by jury? (3) Did the district court err in ruling upon objections to (a) allegedly leading questions, (b) certain testimony by an accident investigator, and (c) testimony by a witness tardily disclosed during pre-trial discovery? (4) Were the district court's findings on (a) comparative negligence, and (b) the award of damages, supported by the evidence? The Viehwegs' cross-appeal also attacks, from the opposite direction, the court's finding on comparative negligence, and the sufficiency of damages awarded. The cross-appeal raises one additional issue: (5) Did the district court

err by declining to award attorney fees at trial? We affirm the judgment of the district court on all points.

I

Thompson argues that the district court erred in striking a defensive counterclaim, for damage to his truck and a trailer in tow. The court grounded its ruling upon expiration of the statute of limitation governing property damage claims.

■ Our Supreme Court has held, other than in tort cases, that a statute of limitation does not bar a counterclaim arising from the same transaction as the plaintiff's complaint. *Norton v. Department of Employment,* 94 Idaho 924, 500 P.2d 825 (1972) (claim for return of improperly obtained unemployment benefits); *Hirning v. Webb,* 91 Idaho. 229, 419 P.2d 671 (1966) (claim by estate against heir); *Kelson v. Ahlborn,* 87 Idaho 519, 393 P.2d 578 (1964) (conflicting claims for contract debts). In each case the court has held that the counterclaim could be considered as an offset against the relief sought in the original complaint. These decisions are consistent with the view, espoused in Idaho, that a statute of limitation does not extinguish a debt, but simply affords repose against the remedy of a lawsuit to collect the debt. *Cf. Billings v. Sisters of Mercy of Idaho,* 86 Idaho 485, 389 P.2d 224 (1964).

The Viehwegs, in resisting the counterclaim, urge that no "debt" exists in a tort case, and that no exception to the statute of limitation for an "offset," is appropriate. This contention appears to raise an issue of first impression in Idaho. Decisions in other jurisdictions follow three different paths: (1) those holding that the original complaint tolls the statute of limitation against a counterclaim arising from the same incident, regardless of whether the counterclaim is pleaded merely as an offset or seeks relief beyond that prayed in the complaint; (2) those holding that the counterclaim may be allowed to offset relief prayed in the complaint; and (3) those holding that the counterclaim is barred, even for the purpose of an offset, if it is pleaded separately from the answer to the complaint at a time when the statute of limitation has expired. *See* Annot., 72 A.L.R.3d 1065 (1976).

We need not explore the first path in this case. The relief sought and awarded on the Viehwegs' complaint substantially exceeded the amount of property damage pleaded by Thompson in his counterclaim. Our choice is narrowed to the second and third paths. We believe the second path comports with the Idaho view that a statute of limitation offers repose against a lawsuit rather than extinguishing an obligation. Although the obligation in a tort case might not be characterized as a "debt," it is the subject of a claim for money. We see no conceptual reason why it cannot be offset by another claim for money arising from the same incident.

■ In contrast, the third path—which twists and turns according to whether the answer and counterclaim are pleaded separately, and whether the statute has expired before the counterclaim is filed—would distort the underlying principle of repose. It would permit a plaintiff to start a lawsuit, but then to assert a right of repose against a claim arising from the same incident, if the claim is not embodied in the answer to the plaintiff's complaint. We deem this to be a pleading trap for the unwary. It conflicts with the fundamental notion, in Idaho, that our statutes and rules should be construed in favor of a just result. *Cf. Cather v. Kelso,* 103 Idaho 684, 652 P.2d 188 (May 24, 1982); *Sines v. Blaser,* 98 Idaho 435, 566 P.2d 758 (1977). We decline to follow the third path.

■ We conclude that, in a tort case, an expired statute of limitation does not bar a counterclaim interposed defensively as an offset against a complaint arising from the same incident. The district court erred by striking Thompson's counterclaim in this case.

■ However, it does not necessarily follow that the judgment must be reversed. As will be discussed in greater detail below, the district court found that the collision

was caused in greater measure by Thompson's negligence than by the comparative negligence of Viehweg. Upon such a finding, the court would have been precluded from awarding any damages on the counterclaim. *See* I.C. § 6–801. Thompson has suggested on appeal that the case might have been tried differently had the counterclaim not been stricken. However, this suggestion is not supported by any showing of actual prejudice. An appellant has the burden to show prejudicial error. *E.g., Annau v. Schutte*, 96 Idaho 704, 535 P.2d 1095 (1975). Absent such a showing, error will be deemed harmless; and the judgment will not be disturbed. *E.g., Rogers v. Trim House*, 99 Idaho 746, 588 P.2d 945 (1979); *Judy v. Reilly Atkinson & Co., Inc.*, 59 Idaho 752, 87 P.2d 451 (1939). We are constrained to hold in this case that the district court did not commit reversible error.

## II

■ Thompson next contends that the district court erred by denying his motion for a jury trial. Our review of this contention focuses upon the timeliness of the motion. Viehweg filed his complaint two years following the accident. Thompson did not file his answer until nearly eighteen months later. No jury was requested by either party. After eight more weeks had elapsed, the district court, on its own motion and pursuant to a then-existing local rule of the Sixth Judicial District, set the case for a bench trial. After five further days, Thompson moved for a jury trial. By this time, more than one and one-half years had passed since the complaint was filed, and sixty-two days had elapsed from filing of the answer. After a hearing, the district judge denied the motion, expressing his concern over the passage of time and the additional delay that would result from cancellation of the existing trial date.

Idaho Rule of Civil Procedure 38(b) requires a party seeking a jury trial, on an issue triable by jury, to make a demand within ten days after service of last pleading directed to such an issue. In this case, Thompson had ten days from the date of serving his answer to demand a jury trial. He waited sixty-two days. Rule 38(d) provides that failure to make a timely demand constitutes a waiver of trial by jury. *See also Meyer v. Whipple*, 94 Idaho 260, 486 P.2d 271 (1971); 9 C. Wright & A. Miller, Federal Practice and Procedure 102 (1971). We hold that Thompson waived trial by jury, as a matter of right, in this case.

■ Rule 39(b) provides a limited "safety valve" against unduly harsh application of the waiver rule. Rule 39(b) vests in the court a discretionary power to order a jury trial even though demand for a jury was not timely made. The question before us is whether the district court abused such discretion in this case, by denying Thompson's motion.

The days are over—if indeed they ever existed—when litigants and their attorneys could dictate the pace of the judicial process. A well-founded public outcry over delay in the administration of justice now requires that judges at all levels play an active role in managing their calendars. Thompson argues that the district court's concern about delay in this case was misplaced because neither party had requested the court to schedule the bench trial. We disagree. A trial court properly may perceive the private hardships of delay, and the public interest in speedy resolution of civil disputes, without a distress signal from a party whose case is stalled or from other litigants whose cases are waiting their turn. Idaho Rule of Civil Procedure 1(a) states that the rules shall be liberally construed to secure a "just, *speedy, and inexpensive* determination of every action . . . ." [Emphasis supplied]. Moreover, in the present case, the record discloses no showing by Thompson of his reason for failing to make a timely demand for a jury trial. We hold that the district court did not abuse its discretion in denying Thompson's motion for a jury trial. *See* Wright & Miller, *supra*, at § 2334.

## III

Thompson next argues that the district court erred in rulings on several evidentiary questions.

## A. Leading Questions

Thompson sought to present testimony concerning a conversation with Viehweg at the scene of the collision. Thompson argues that the testimony would have supported his theory, that Viehweg had been driving too fast, by showing that Viehweg was traveling to an important business meeting. The district court sustained an objection to the following questions, on the ground that they were leading:

[Question to Thompson, from his counsel:] "Do you recall out at the scene of the accident any conversation with Mr. Viehweg that related to his reason for traveling at the speed that he indicated that he was traveling?

[Counsel for Viehwegs:] "Objection, your Honor. Leading . . . .

[The Court:] "Objection sustained.

[Counsel for Thompson:] "Do you recall any conversation with Mr. Viehweg concerning a problem with Bucyrus-Erie and their garbage contract with that company?

[Counsel for Viehwegs:] "Objection, your Honor. Same: leading.

[The Court:] "Objection sustained."

Thompson's attorney did not rephrase the question; nor did he make an offer of proof or otherwise attempt to show why it was necessary that his questions take a particular form.

■ Rule 43(b)(2), of the Idaho Rules of Civil Procedure, provides in pertinent part as follows:

A question which suggests to the witness the answer which the examining party desires is denominated a leading or suggestive question. On direct examination leading questions are not allowed, except in the sound discretion of the court, under special circumstances, making it appear that the interests of justice require it.

In our view, the second question put to Thompson clearly was leading. It suggested the specific factual information that counsel sought to elicit from the witness. Compare, e.g., Collins v. Parkinson, 98 Idaho 871, 574 P.2d 913 (1978). We do not find a similar defect in the first question. Al-

though that question signalled the type of information counsel was seeking, it contained no suggestion concerning the facts themselves. "[T]he most important circumstance for consideration [of whether a question is leading] is the extent of the particularity of the question itself." McCormick on Evidence 9 (E. Cleary 2d Ed. 1972). The question, phrased broadly, was introductory in character. Such questions are permissible. G. Bell, Handbook of Evidence for the Idaho Lawyer 30 (1972); McLean v. City of Lewiston, 8 Idaho 472, 69 P. 478 (1902). We believe the court erred in sustaining the objection to the first question.

■ However, we return to the fundamental premise, stated previously, that error is reversible only if it is shown to be prejudicial. Unless the exclusion of evidence, upon an improperly sustained objection, results in a failure of proof on a material point that otherwise could have been established, the court's ruling is not a ground for reversal. See Spongberg v. First National Bank, 15 Idaho 671, 99 P. 712 (1909). In this case the district court's memorandum decision went beyond the question of Viehweg's alleged motive for speeding, and addressed the speeding issue itself. The court found that Viehweg had not been driving as fast as Thompson contended. The court stated that if Viehweg had been traveling at the speed asserted by Thompson, the collision would have been fatal. We conclude that even if Thompson had made a full record regarding Viehweg's motive for speeding, it would not have altered the court's ultimate finding on the actual speed of Viehweg's car. Accordingly, we hold the error harmless.

## B. Accident Investigator

■ Thompson contends that the district court erred in permitting an accident investigator to testify about photographs he took of skid marks left by Viehweg's automobile, the length of the skid marks, and the stopping distance of an average automobile, according to a chart in an insurance reference book. Thompson bases his argu-

ment upon *Jorstad v. City of Lewiston*, 93 Idaho 122, 456 P.2d 766 (1969), *overruled on other grounds, Independent School District of Boise City v. Collister*, 97 Idaho 59, 539 P.2d 987 (1975). In *Jorstad* our Supreme Court held that a witness may not give opinion testimony, concerning speed of a vehicle before impact, based solely upon physical evidence observed after the accident. "Such testimony," said the court, "would be conjectural." 93 Idaho at 127, 456 P.2d at 771.

*Jorstad* is inapposite here. The investigator in this case gave no opinion concerning the speed of Viehweg's car before the collision. He testified only as to skid marks and average stopping distances. Nothing in *Jorstad* proscribes such testimony.

Thompson further argues that the contents of the reference book were hearsay. However, Thompson did not object to the investigator's use of the reference book while testifying. Neither did he object to an exhibit upon which data from the reference book had been entered. Thus, the hearsay objection has been made for the first time on appeal. The issue is not properly before us, and will not be considered. *E.g., Koch v. Elkins*, 71 Idaho 50, 225 P.2d 457 (1950); *Darby v. Heagerty*, 2 Idaho 282, 13 P. 85 (1887). We conclude that the accident investigator's testimony was properly admitted.

C. *Witness Tardily Disclosed*

Thompson maintains that the district court erred in allowing Viehweg to present testimony by a witness whose identity had not been disclosed to Thompson until supplemental answers to interrogatories were filed at 4:00 p. m. the day before the trial. The testimony concerned Viehweg's physical condition before the accident. Rule 26(e)(4), of the Idaho Rules of Civil Procedure, empowers a trial court to exclude testimony offered by a party who fails timely to supplement a response to discovery. Imposition of this sanction rests in the sound discretion of the trial court. *Cf. Smith v. Webber*, 97 Idaho 703, 551 P.2d 1339 (1976).

When the identity of a witness is tardily disclosed, the trial judge should request an explanation of the late disclosure, weigh the importance of the testimony in question, determine the time needed for preparation to meet the testimony, and consider the possibility of a continuance. *See* 8 C. Wright & A. Miller, Federal Practice and Procedure 327 (1970). The district court in the present case did not indicate whether it considered such factors in deciding to allow the testimony. We do not have an adequate record upon which to review the court's exercise of discretion. However, any alleged error would not be reversible, because the testimony did not affect the outcome of the case. The testimony in question expressly was rejected by the district court in its memorandum decision. Moreover, Thompson did not seek, and therefore was not denied, a continuance to investigate the witness or to take his deposition. Accordingly, we hold that no prejudice has been shown. The alleged error is deemed harmless.

IV

Both parties contend on appeal that the district court erred in determining comparative negligence and in fixing the amount of Viehwegs' damages.

A. *Negligence*

The district court found that the truck's turn signals were obscured with mud, and that Thompson was negligent in attempting a left turn when such movement could not be made with reasonable safety. The judge also found that Viehweg was negligent in attempting to pass on or near a narrow bridge. The court ascribed 75% of the negligence to Thompson and 25% to Viehweg.

A trial court's findings will not be set aside unless they are clearly erroneous. I.R.C.P. 52(a). Upon our review of the record, we hold that there is substantial and competent evidence to support the district court's findings on negligence. The findings will not be disturbed. *Riley v. Larson*, 91 Idaho 831, 432 P.2d 775 (1967); *T-Craft*

*Aero Club v. Blough,* 102 Idaho 833, 642 P.2d 70 (Ct.App.1982).

B. *Damages*

The court awarded Viehweg $3,597.15 special damages for medical and hospital expenses, as well as for injury to property. In addition, the court awarded $30,000.00 in general damages for personal injury. Both the special and general damages were reduced by 25% for Viehweg's comparative negligence, resulting in a total net award of $25,197.86. Thompson argues on appeal that the general damage award was excessive on its face. The Viehwegs maintain that it was not enough, for reasons examined below.

We have not been cited, and our research does not disclose, a previously reported Idaho case in which general damages for personal injury, awarded by the trial judge following a bench trial, have been reviewed on appeal. In contrast, occasions for appellate review of jury awards of general damages for personal injury have been legion. In those cases our Supreme Court has said that authority on appeal to interfere with a jury award exists only when the alleged excess or inadequacy appears as a matter of law or is such as to suggest, at first blush, passion, prejudice or corruption on the part of the jury. *E.g., Dinneen v. Finch,* 100 Idaho 620, 603 P.2d 575 (1979); *Mendenhall v. MacGregor Triangle Co.,* 83 Idaho 145, 358 P.2d 860 (1961).

The test for review of a trial judge's determination is stated somewhat differently. In cases other than personal injury suits, in Idaho, a trial judge's determination on damages, after a bench trial, has been held reviewable under the general rule of substantial and competent evidence. *E.g., Hafer v. Horn,* 95 Idaho 621, 515 P.2d 1013 (1973). Conversely, in personal injury cases decided in other jurisdictions, the trial judge's determination of damages, after a bench trial, has been upheld where it is supported by the evidence. *E.g., Bechtold v. Bishop & Co.,* 16 Cal.2d 285, 105 P.2d 984 (1940); *Kimbell v. Smith,* 64 N.M. 374, 328 P.2d 942 (1958); *Singleton v. Woodward,* 33 Wash.2d 764, 206 P.2d 1034 (1949). We

conclude that the substantial and competent evidence standard should be applied to the instant case, and that the judge's determination of general damages for personal injury should be upheld—like any other finding by the trial court under I.R.C.P. 52(a)—unless it is clearly erroneous.

Viehweg presented evidence that he experienced severe pain in his back, following the accident. He was hospitalized for ten days and placed in traction. After several months of pain, he underwent tests, including a painful myelogram. Eventually, surgery was performed on his back for the removal of a herniated disc. He now has arthritis in his back, which produces stiffness and pain, and which may be a permanent condition. He is able to bend forward only one-third as far as a normal person. Nerve functions in his left foot have been disturbed. He testified that he cannot lift any heavy objects, cannot remain in one position for a long period of time, and cannot raise his arms over his head while bending backward.

Upon this record, we conclude that the award of general damages is supported by substantial and competent evidence. It is not clearly erroneous; and it will not be disturbed. We reject Thompson's assertion that it is excessive.

The Viehwegs' contention of insufficiency is not directed at the award on its face, but at the district court's refusal to include damages for loss of income, additional business expenses, and loss of automobile use. In addition, they contest the court's denial of spousal damages for loss of consortium. The district court denied all these additional damages because they were "too speculative." We deem this finding to mean that the Viehwegs had failed to meet their burden of proving such damages.

We believe the district court's finding as to these damage categories should be reviewed in light of the same "clearly erroneous" standard applied to the general damage award under Rule 52(a). However, the correlative rule of substantial and competent evidence cannot be so applied where, as

here, the finding in question goes to the lack of evidence—i.e., that a burden of proof has not been satisfied.

We have reviewed the evidence presented on each of the damage categories in question. In our view, the evidence is vague, inconclusive and contradictory. We hold that the district court's denial of such damages, for failure of proof, was not clearly erroneous. We conclude that the damage award will not be disturbed.

## V

Finally, the Viehwegs claim that the district court erred in refusing to award them attorney fees. Whether to make such an award is discretionary with the trial court. The court's determination in this regard will not be disturbed unless an abuse of discretion is shown. *E.g., Tappen v. State,* 102 Idaho 807, 641 P.2d 994 (1982); *Cunningham v. Bundy,* 100 Idaho 456, 600 P.2d 132 (1979).

In this case, the district court ruled that an attorney fee should be awarded only if Thompson had defended the lawsuit

frivolously, unreasonably or without foundation, as denoted by I.R.C.P. 54(e)(1). Although that rule was not in force when this action was commenced, the district court was at liberty to follow the rule as a guide to the exercise of discretion. From our examination of the record we conclude that the court's discretion was not abused.

We uphold the denial of attorney fees at the trial level. On appeal, we note that both parties have chosen the role of appellant, and neither has prevailed in that role. Accordingly, we decline to award any attorney fees or costs on appeal.

The judgment of the district court is affirmed.

WALTERS, C. J., and SWANSTROM, J., concur.