693 P.2d 469

J.R. FARBER and Amelia V. Farber, husband and wife, Plaintiffs-Appellants,

v.

STATE of Idaho; City of Nampa; Asphalt Paving & Construction Co., Inc., a corporation, Defendants,

and

State of Idaho, Department of Transportation, Defendant-Respondent.

No. 14499.

Court of Appeals of Idaho.

Dec. 7, 1984.

Kenneth F. White, Nampa, for plaintiffs-appellants.

Robert L. Trabert, Chief Legal Counsel, Patrick W. Fanning, Boise, for respondent Dept. of Transp.

BAKES, Acting Chief Judge.

Appellant Farber owns a building in Nampa used for the purposes of a medical clinic. The roof of the building extended over the public right of way, and in 1971 the City of Nampa granted a temporary easement to Farber for this overhang "good only for the life of said business building ...." In 1973, a reconstruction of the adjoining roadway by the State of Idaho and the City of Nampa resulted in a public sidewalk infringing upon the easement by the approximate amount of 24 square feet.

Farber sued the construction parties involved, along with the state, alleging negligence and resulting damage to his building from the construction. Farber also claimed the state had taken his easement property without just compensation. The trial court ruled as a matter of law that the construction of the sidewalk constituted a taking of a portion of the easement, and instructed the jury both as to the taking and on the issue of fixing damages for the taking. No issue is raised concerning the adequacy or correctness of those instructions.

The jury returned a verdict finding no negligence and also that the damages resulting from the taking of the easement were "$0."

On appeal the Farbers have raised two issues: (1) since the jury must make an award of compensation as a matter of law once the court has ruled there has been a taking of property, the trial court erred in not granting a new trial on damages; and (2) the trial court erred in abruptly cutting off appellant's rebuttal argument.

Appellant argues that the jury must accept the testimony of Mr. Farber that the easement's value was a "minimum of $15,000." The uncontradicted testimony of a credible witness must be accepted by the trier of fact unless the testimony is "inherently improbable, or rendered so by facts and circumstances disclosed at the hearing ... or impeached by any of the modes known to the law." *Dinneen v. Finch*, 100 Idaho 620, 626–627, 603 P.2d 575, 581–582 (1979). *See also Pierstorff v. Gray's Auto Shop*, 58 Idaho 438, 447–48, 74 P.2d 171, 175 (1937). However, a trier of fact "may reject the uncontradicted testimony of a witness if the testimony is inherently improbable" or impeached. *Roemer v. Green Pastures Farms, Inc.*, 97 Idaho 591, 593, 548 P.2d 857, 860 (1976). We have reviewed the record and conclude that the facts and circumstances disclosed at trial, along with the impeachment through cross examination of Mr. Farber, justified the jury in rejecting Mr. Farber's testimony.

It is possible that appellant was entitled to nominal damages; [1] however, "without deciding that the plaintiffs were entitled to nominal damages, we will not reverse for the mere failure to allow nominal damages where, as here, the issue is one of damages alone." *Roemer v. Green Pastures Farms, Inc.*, 97 Idaho at 593, 548 P.2d at 859. The opinion of Farber's expert witness on the issue of decrease in value after the taking was not binding upon the jury even though it was uncontradicted. *Rueth v. State*, 103 Idaho 74, 644 P.2d 1333 (1982). Additionally, that testimony was seriously impeached.

We also find no merit in appellants' second issue. The record indicates that the trial court cut off the rebuttal of Farber's counsel due to a previous agreement as to the amount of time to be allowed for closing arguments, including rebuttal. The time allowed, 45 minutes per side, was adequate.

Judgment of the district court is affirmed. Costs to respondent. No attorney fees allowed.

McFADDEN and TOWLES, Acting JJ., concur.

---

1. *See Tibbs v. City of Sandpoint,* 100 Idaho 667, 603 P.2d 1001 (1979).